IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | | |
|---|---|---|
| DAVID FINNEY, an individual, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | CIVIL ACTION NO. 3:06-CV-622 |
| | ) | |
| NISSAN NORTH AMERICA, INC., | ) | |
| a foreign corporation; TAKATA U.S.A. | ) | |
| CORPORATION d/b/a TAKATA | ) | |
| CORPORATION, a foreign corporation; | ) | |
| TAKATA SEAT BELTS, INC., a foreign | ) | |
| corporation; TAKATA RESTRAINT | ) | |
| SYSTEMS, INC., a foreign corporation; | ) | |
| TAKATA NORTH AMERICAN, INC., a | ) | |
| foreign corporation; and TAKATA INC., | ) | |
| a foreign corporation, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

**ANSWER AND DEFENSES OF
DEFENDANT NISSAN NORTH AMERICA, INC.**

DEFENDANT NISSAN NORTH AMERICA, INC. (hereinafter "this defendant") files

its Answer and Defenses to plaintiff's Complaint, showing the Court as follows:

**DEFENSES TO THE COMPLAINT AS A WHOLE**

FIRST DEFENSE

Some or all of the allegations in plaintiff's Complaint fail to state a claim against this

defendant upon which relief may be granted.

SECOND DEFENSE

Some or all of plaintiff's claims may be preempted by federal law.

## <u>ANSWERING THE NUMBERED PARAGRAPHS OF PLAINTIFF'S COMPLAINT</u>

<u>FIRST DEFENSE</u>

ANSWERING THE "PARTIES" SECTION OF PLAINTIFF'S COMPLAINT

1.

This defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 1 of plaintiff's Complaint.

2.

This defendant admits that it is a foreign corporation organized and existing under the laws of the State of California, and further admits that it is qualified to and does transact business in the State of Alabama. This defendant denies the remaining allegations contained in paragraph 2 of plaintiff's Complaint.

3.

This defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 3 of plaintiff's Complaint.

4.

This defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 4 of plaintiff's Complaint.

5.

This defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 5 of plaintiff's Complaint.

6.

This defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 6 of plaintiff's Complaint.

7.

This defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 7 of plaintiff's Complaint.

8.

This defendant admits that it distributes to authorized dealerships, including some in the State of Alabama, certain Nissan vehicles. This defendant denies any remaining allegations contained in paragraph 8 of plaintiff's Complaint that relate to it. This defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 8 of plaintiff's Complaint.

9.

This defendant admits that it distributes to authorized dealerships, including some in the State of Alabama, certain Nissan vehicles, including the subject vehicle. This defendant denies any remaining allegations contained in paragraph 9 of plaintiff's Complaint that relate to it. This defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 9 of plaintiff's Complaint.

10.

This defendant admits that plaintiff's Complaint uses the collective term "Defendants" to include all named defendants. This defendant denies any remaining allegations contained in paragraph 10 of plaintiff's Complaint.

11.

This defendant admits that it distributes to authorized dealerships, including some in the State of Alabama, certain Nissan vehicles, including the subject vehicle. This defendant denies any remaining allegations contained in paragraph 11 of plaintiff's Complaint that relate to it. This defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 11 of plaintiff's Complaint.

ANSWERING THE "JURISDICTION AND VENUE" SECTION OF PLAINTIFF'S COMPLAINT

12.

This defendant admits that the Alabama Uniform Traffic Accident Report indicates that the incident giving rise to this lawsuit occurred in Russell County, Alabama, which is in the Eastern Division of the Middle District of Alabama. This defendant denies it has committed any act or omission which would subject it to the jurisdiction or venue of this Court. This defendant denies the remaining allegations contained in paragraph 12 of plaintiff's Complaint.

13.

This defendant admits that complete diversity exists between plaintiff and defendants. This defendant further admits that the amount in controversy exceeds $75,000.00, exclusive of interest and costs, but denies that it is liable to plaintiff in any manner of amount. This defendant denies any remaining allegations contained in paragraph 13 of plaintiff's Complaint.

14.

This defendant admits that it is qualified to and does transact business in the State of Alabama. This defendant denies it has committed any act or omission which would subject it to the jurisdiction or venue of this Court. This defendant denies any remaining allegations

4

contained in paragraph 14 of plaintiff's Complaint that relate to it.    This defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 14 of plaintiff's Complaint.

15.

This defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 15 of plaintiff's Complaint.

### ANSWERING THE "FACTUAL ALLEGATIONS" SECTION OF PLAINTIFF'S COMPLAINT

16.

This defendant incorporates by reference, as if set forth fully verbatim herein, its answers to paragraphs 1 through 15 as its response to paragraph 16.

17.

This defendant admits that it distributes to authorized dealerships, including some in the State of Alabama, certain Nissan vehicles.    This defendant denies any remaining allegations contained in paragraph 17 of plaintiff's Complaint that relate to it.    This defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 17 of plaintiff's Complaint.

18.

This defendant admits that it distributes to authorized dealerships, including some in the State of Alabama, certain Nissan vehicles, including the subject vehicle.  This defendant further admits that it is qualified to and does transact business in the State of Alabama.  This defendant denies any remaining allegations contained in paragraph 18 of plaintiff's Complaint that relate to

it. This defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 18 of plaintiff's Complaint.

19.

This defendant denies the allegations contained in paragraph 19 of plaintiff's Complaint.

20.

This defendant denies the allegations contained in paragraph 20 of plaintiff's Complaint.

21.

This defendant admits that it distributes to authorized dealerships, including some in the State of Alabama, certain Nissan vehicles, including the subject vehicle. This defendant denies any remaining allegations contained in paragraph 21 of plaintiff's Complaint.

22.

This defendant denies the allegations contained in paragraph 22 of plaintiff's Complaint that relate to it. This defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 22 of plaintiff's Complaint.

23.

This defendant admits that it distributes to authorized dealerships, including some in the State of Alabama, certain Nissan vehicles. This defendant denies any remaining allegations contained in paragraph 23 of plaintiff's Complaint that relate to it. This defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 23 of plaintiff's Complaint.

24.

This defendant admits that Alabama Uniform Traffic Accident Report indicates that plaintiff David Finney was driving a 1992 Nissan Sentra, VIN IN4EB32ACNC771825 on

September 3, 2005.  This defendant further admits that it distributes to authorized dealerships, including some in the State of Alabama, certain Nissan vehicles, including the subject vehicle. This defendant denies any remaining allegations contained in paragraph 24 of plaintiff's Complaint that relate to it.  This defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 24 of plaintiff's Complaint.

25.

This defendant admits that the Alabama Uniform Traffic Accident Report indicates plaintiff was traveling southbound on Alabama State Road 165 at or near Milepost 24 between County Road 24 and Fort Benning Road when he left the roadway onto a concrete driveway, then continued off the roadway and into a ditch parallel to the roadway.  This defendant lacks knowledge or information sufficient to form a belief as to the truth of any remaining allegations contained in paragraph 25 of plaintiff's Complaint.

26.

This defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 26 of plaintiff's Complaint.

27.

This defendant denies that it is in any way responsible for the subject accident or for plaintiff's injuries.  This defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 27 of plaintiff's Complaint.

7

ANSWERING COUNT ONE OF PLAINTIFF'S COMPLAINT
(STRICT LIABILITY, DEFECTIVE MANUFACTURE, DESIGN AND
FAILURE TO WARN)

28.

This defendant incorporates by reference, as if set forth fully verbatim herein, its answers to paragraphs 1 through 27 as its response to paragraph 28.

29.

This defendant denies the allegations contained in paragraph 29 of plaintiff's Complaint that relate to it. This defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 29 of plaintiff's Complaint.

30.

This defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 30 of plaintiff's Complaint.

31.

This defendant denies the allegations contained in of paragraph 31 of plaintiff's Complaint, including subparts (a) through (e), that relate to it. This defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 31 of plaintiff's Complaint, including subparts (a) through (e).

32.

This defendant denies the allegations of paragraph 32 of plaintiff's Complaint that relate to it. This defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 32 of plaintiff's Complaint.

33.

This defendant admits that it distributes to authorized dealerships, including some in the State of Alabama, certain Nissan vehicles, including the subject vehicle. This defendant denies that the subject vehicle was defective in any manner when it left its possession, custody, and control. This defendant denies the remaining allegations contained in paragraph 33 of plaintiff's Complaint, including subparts (a) through (e).

34.

This defendant denies the allegations contained in paragraph 34 of plaintiff's Complaint.

35.

This defendant denies the allegations contained in paragraph 35 of plaintiff's Complaint, including subparts (a) through (d), that relate to it. This defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 35 of plaintiff's Complaint, including subparts (a) through (d).

36.

This defendant denies the allegations contained in paragraph 36 of plaintiff's Complaint.

37.

This defendant denies the allegations contained in paragraph 37 of plaintiff's Complaint.

38.

This defendant denies the allegations contained in paragraph 38 of plaintiff's Complaint.

39.

This defendant denies the allegations contained in paragraph 39 of plaintiff's Complaint that relate to it. This defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 39 of plaintiff's Complaint.

40.

This defendant denies the allegations contained in paragraph 40 of plaintiff's Complaint that relate to it.    This defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 40 of plaintiff's Complaint.

41.

This defendant denies that it is in any way responsible for the subject accident or for plaintiff's injuries.  This defendant denies the allegations contained in paragraph 41 of plaintiff's Complaint, including subparts (a) through (p), that relate to it.  This defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 41 of plaintiff's Complaint, including subparts (a) through (p).

ANSWERING THE "WHEREFORE" PARAGRAPH FOLLOWING
PARAGRAPH 41 OF PLAINTIFF'S COMPLAINT

This defendant denies the allegations contained in the "Wherefore" paragraph following paragraph 41 of plaintiff's Complaint and the prayer for relief contained therein, and further denies that plaintiff is entitled to recover from this defendant in any manner or amount.

ANSWERING COUNT TWO OF PLAINTIFF'S COMPLAINT
(FAILURE TO WARN)

42.

This defendant incorporates by reference, as if set forth fully verbatim herein, its answers to paragraphs 1 through 41 as its response to paragraph 42.

43.

This defendant denies the allegations contained in paragraph 43 of plaintiff's Complaint that relate to it. This defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 43 of plaintiff's Complaint.

44.

This defendant denies the allegations contained in paragraph 44 of plaintiff's Complaint that relate to it. This defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 44 of plaintiff's Complaint.

45.

This defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 45 of plaintiff's Complaint.

46.

This defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 46 of plaintiff's Complaint.

47.

This defendant denies the allegations contained in paragraph 47 of plaintiff's Complaint that relate to it. This defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 47 of plaintiff's Complaint.

48.

This defendant denies the allegations contained in paragraph 48 of plaintiff's Complaint that relate to it. This defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 48 of plaintiff's Complaint.

49.

This defendant denies the allegations contained in paragraph 49 of plaintiff's Complaint that relate to it. This defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 49 of plaintiff's Complaint.

50.

This defendant denies the allegations contained in paragraph 50 of plaintiff's Complaint that relate to it. This defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 50 of plaintiff's Complaint.

51.

This defendant denies that it is in any way responsible for the subject accident or for plaintiff's injuries. This defendant denies the allegations contained in paragraph 51 of plaintiff's Complaint, including subparts (a) through (p), that relate to it. This defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 51 of plaintiff's Complaint, including subparts (a) through (p).

ANSWERING THE "WHEREFORE" PARAGRAPH FOLLOWING
PARAGRAPH 51 OF PLAINTIFF'S COMPLAINT

This defendant denies the allegations of the "Wherefore" paragraph following paragraph 51 of plaintiff's Complaint and the prayer for relief contained therein, and further denies that plaintiff is entitled to recover from this defendant in any manner or amount.

ANSWERING COUNT THREE OF PLAINTIFF'S COMPLAINT
(BREACH OF WARRANTY OF MERCHANTIBILITY)

52.

This defendant incorporates by reference, as if set forth fully verbatim herein, its answers to paragraphs 1 through 51 as its response to paragraph 52.

53.

This defendant denies the allegations contained in paragraph 53 of plaintiff's Complaint that relate to it. This defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 53 of plaintiff's Complaint.

54.

This defendant denies the allegations contained in paragraph 54 of plaintiff's Complaint that relate to it. This defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 54 of plaintiff's Complaint.

55.

This defendant admits that certain express warranties accompany the original sale of certain new Nissan vehicles and that certain implied warranties arise as a matter of applicable law, but denies those warranties are as stated by plaintiff. This defendant denies the remaining allegations contained in paragraph 55 of plaintiff's Complaint that relate to it. This defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 55 of plaintiff's Complaint.

56.

This defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 56 of plaintiff's Complaint.

57.

This defendant denies the allegations contained in paragraph 57 of plaintiff's Complaint.

58.

This defendant denies the allegations in paragraph 58 of plaintiff's Complaint, including subparts (a) through (p), that relate to it. This defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 58 of plaintiff's Complaint, including subparts (a) through (p)..

## ANSWERING THE "WHEREFORE" PARAGRAPH FOLLOWING PARAGRAPH 58 OF PLAINTIFF'S COMPLAINT

This defendant denies the allegations of the "Wherefore" paragraph following paragraph 58 of plaintiff's Complaint and the prayer for relief contained therein, and further denies that plaintiff is entitled to recover from this defendant in any manner or amount.

## ANSWERING COUNT FOUR OF PLAINTIFF'S COMPLAINT
## (NEGLIGENCE)

59.

This defendant incorporates by reference, as if set forth fully verbatim herein, its answers to paragraphs 1 through 58 as its response to paragraph 59.

60.

This defendant denies the allegations contained in paragraph 60 of plaintiff's Complaint that relate to it. This defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 60 of plaintiff's Complaint.

61.

This defendant admits that certain duties as arise as a matter of law, but denies those duties are as stated by plaintiff. This defendant denies the remaining allegations in paragraph 61 of plaintiff's Complaint that relate to it. This defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 61 of plaintiff's Complaint.

62.

This defendant denies the allegations in paragraph 62 of plaintiff's Complaint, including subparts (a) through (e), that relate to it. This defendant lacks knowledge or information

14

sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 62 of plaintiff's Complaint, including subparts (a) through (e).

63.

This defendant denies the allegations in paragraph 63 of plaintiff's Complaint that relate to it. This defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 63 of plaintiff's Complaint.

64.

This defendant denies the allegations in paragraph 64 of plaintiff's Complaint, including subparts (a) through (p), that relate to it. This defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 64 of plaintiff's Complaint, including subparts (a) through (p).

ANSWERING THE "WHEREFORE" PARAGRAPH FOLLOWING<br>PARAGRAPH 64 OF PLAINTIFF'S COMPLAINT

This defendant denies the allegations of the "Wherefore" paragraph following paragraph 64 of plaintiff's Complaint and the prayer for relief contained therein, and further denies that plaintiff is entitled to recover from this defendant in any manner or amount.

ANSWERING COUNT FIVE OF PLAINTIFF'S COMPLAINT<br>(WANTONNESS)

65.

This defendant incorporates by reference, as if set forth fully verbatim herein, its answers to paragraphs 1 through 64 as its response to paragraph 65.

15

66.

This defendant denies the allegations in paragraph 66 of plaintiff's Complaint that relate to it. This defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 66 of plaintiff's Complaint.

67.

This defendant admits that certain duties arise as a matter of law, but denies those duties are as stated by plaintiff. This defendant denies the remaining allegations in paragraph 67 of plaintiff's Complaint that relate to it. This defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 67 of plaintiff's Complaint.

68.

This defendant denies the allegations in paragraph 68 of plaintiff's Complaint, including subparts (a) through (e), that relate to it. This defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 68 of plaintiff's Complaint. including subparts (a) through (e).

69.

This defendant denies the allegations in paragraph 69 of plaintiff's Complaint that relate to it. This defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 69 of plaintiff's Complaint.

70.

This defendant denies that it is in any way responsible for the subject accident or for plaintiff's injuries. This defendant denies the allegations contained in paragraph 70 of plaintiff's

Complaint, including subparts (a) through (p), that relate to it. This defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 70 of plaintiff's Complaint.

ANSWERING THE "WHEREFORE" PARAGRAPH FOLLOWING
PARAGRAPH 70 OF PLAINTIFF'S COMPLAINT

This defendant denies the allegations of the "Wherefore" paragraph following paragraph 70 of plaintiff's Complaint and the prayer for relief contained therein, and further denies that plaintiff is entitled to recover from this defendant in any manner or amount.

**SECOND DEFENSE**

This defendant states that the sole proximate cause of the injuries and damages alleged in the Complaint was the actions, non-actions, or negligence of plaintiff or a person or persons other than this defendant for whose actions, non-actions, or negligence, this defendant is in no way liable. Plaintiff, therefore, is not entitled to recover from this defendant.

**THIRD DEFENSE**

This defendant states that the sole proximate cause of the injuries and damages alleged in the Complaint was the combination of actions, non-actions, or negligence of plaintiff and the actions, non-actions, or negligence of a person or persons other than this defendant, for whose actions, non-actions, or negligence this defendant is in no way liable. Plaintiff therefore, is not entitled to recover from this defendant.

**FOURTH DEFENSE**

This defendant states that the injuries and damages alleged in the Complaint were caused by at least one intervening, superseding action for which this defendant is in no way liable. Plaintiff, therefore, is not entitled to recover from this defendant.

17

## FIFTH DEFENSE

This defendant states that plaintiff may have failed to exercise ordinary care for his own safety.  Plaintiff, therefore, is not entitled to recover from this defendant in this action.

## SIXTH DEFENSE

The subject 1992 Nissan Sentra was  not in the same condition at the time of the accident as it was when it left GM's possession, custody and control, and the change in condition caused or substantially contributed to plaintiff's alleged injuries and plaintiff's alleged damages.  Plaintiff, therefore, is not entitled to recover from this defendant in this action.

## SEVENTH DEFENSE

The injuries and damages alleged by plaintiff may have been the proximate consequence of the misuse and/or abuse of the product for which this defendant is not responsible. Plaintiff, therefore, is not entitled to recover from this defendant in this action.

## EIGHTH DEFENSE

This defendant states that plaintiff may have assumed the risks of his alleged injuries. Plaintiff, therefore, is not entitled to recover from this defendant in this action.

## NINTH DEFENSE

In the event any of the injuries and damages alleged in the Complaint were caused, in whole or in part, by the negligent conduct of plaintiff, then the amount of damages otherwise recoverable by plaintiff should be extinguished or reduced in the proportion that the negligent conduct attributable to plaintiff bears to the negligent conduct that caused the said injuries and

damages. This defendant thus invokes the doctrines of comparative and/or contributory negligence in the defense of this action. Since this action was commenced only recently, this defendant does not presently possess all of the relevant facts concerning the negligent conduct, if any, of plaintiff.

## TENTH DEFENSE

In the event any of the injuries to plaintiff were caused, in whole or in part, by the negligent conduct of third parties, or another defendant, then the amount of damages recoverable by plaintiff should be apportioned among this defendant, if at all, and such third parties, or another defendant, in accordance with their respective degrees of fault. Since this action was commenced only recently, this defendant does not presently possess all relevant facts concerning the negligent conduct, if any, of third parties, including without limitation any of the named defendants other than this defendant.

## ELEVENTH DEFENSE

This defendant denies that the subject 1992 Nissan Sentra was defective or unreasonably dangerous and this defendant demands strict proof of any claim to the contrary.

## TWELFTH DEFENSE

This defendant specifically denies liability under the Alabama Extended Manufacturer's Liability Doctrine and this defendant demands strict proof of any claim to the contrary.

## THIRTEENTH DEFENSE

Plaintiff's claims for the recovery of punitive damages are in contravention of this defendant's rights under each of the following constitutional provisions: (a) the Commerce Clause of Article I, Section 8 of the United States Constitution; (b) the Contracts Clause of

Article I, Section 10 of the United States Constitution; (c) the Excessive Fines Clause of the

Eighth Amendment to the United States Constitution; (d) the Due Process Clause of the

Fourteenth Amendment to the United States Constitution; (e) the Equal Protection Clause of

the Fourteenth Amendment to the United States Constitution; (f) the federal constitutional

prohibition against vague and over broad laws; (g) the Excessive Fines Clause of Article I,

Section 15 of the Alabama Constitution; (h) the *Ex Post Facto* Clause of Article I, Section 22

of the Alabama Constitution; (i) the Contracts Clause of Article I, Section 22 of the Alabama

Constitution; and (j) the Due Process Clause of Article I, Section 6 and/or 13 of the Alabama

Constitution, on the following separate and several grounds:

1.   The procedures fail to provide specific standards for determining whether an award of punitive damages is justified.

2.   The procedures fail to provide specific standards for determining the amount of the award of punitive damages.

3.   The procedures permit the imposition of an excessive fine in contravention of constitutional prohibitions.

4.   The procedures permit the imposition of a fine that is criminal in nature without requiring a burden of proof commensurate with that in a criminal case.

5.   The procedures permit multiple awards of punitive damages for the same alleged act.

6.   The procedures fail to provide a clear and consistent appellate standard of review of an award of punitive damages.

7.   The procedures permit the admission of evidence relative to punitive damages in the same proceedings during which liability and compensatory damages are determined.

8.  The procedures may result in the award of joint and several judgments against multiple defendants for different acts of wrongdoing.

9.  The procedures fail to provide means for assessment of apportionment of punitive damages separately and severally against alleged joint tortfeasors.

## FOURTEENTH DEFENSE

This defendant states that it is not indebted or liable to plaintiff in any manner or amount.

## FIFTEENTH DEFENSE

This defendant reserves the right to plead additional affirmative defenses as they become known in the course of discovery.

WHEREFORE, having fully answered plaintiff's Complaint, this defendant prays that the Complaint be dismissed with prejudice; that judgment be rendered in favor of this defendant; that plaintiff be assessed with all costs of this action; and that this defendant have such other and further relief as the Court deems just and proper.

This 14th day of August, 2006.

KING & SPALDING LLP

/s/ Robert C. Khayat, Jr.
Robert C. Khayat, Jr.
Alabama Bar No. ASB-9156-T73R
1180 Peachtree Street
Atlanta, Georgia 30309
(404) 572-4600

OF COUNSEL:

KING & SPALDING LLP
Andrew T. Bayman
Georgia Bar No. 043342
Robert B. Friedman
Georgia Bar No. 277711
1180 Peachtree Street
Atlanta, Georgia 30309
(404) 572-4600

Attorneys for Defendant
NISSAN NORTH AMERICA, INC.

## CERTIFICATE OF SERVICE

THIS IS TO CERTIFY that I have this date served a true and correct copy of the foregoing **ANSWER AND DEFENSES OF DEFENDANT NISSAN NORTH AMERICA, INC.** with the Clerk using the CM/ECF system, which will automatically send email notification of such filing to the following attorneys of record:

K. Stephen Jackson
Joseph L. Tucker
Joel L. DiLorenzo
Jackson & Tucker, P.C.
Black Diamond Building
22229 First Avenue North
Birmingham, Alabama 35203

This 14th day of August, 2006.

/s/ Robert C. Khayat, Jr.
Robert C. Khayat, Jr.