IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| DAVID FINNEY, an individual, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v.  ) | CIVIL ACTION NO.3:06cv622-WKW |
| ) | |
| TAKATA, et al., ) | |
| ) | |
| Defendants. ) | |

## ORDER ON MOTION

Upon consideration of the plaintiff's motion for leave of court to propound additional written interrogatories filed on October 17, 2006, and for good cause, it is

ORDERED that the motion be and hereby is DENIED pursuant to Federal Rules of Civil Procedure 26(c) and 37(a)(2)(B) and ¶ 5 of the General Order of this court entered on November 22, 1993.

The applicable provision of this court's General Order reads as follows:

The court will not consider any motion relating to discovery, such as a motion to compel or a motion for protective order, unless the motion is accompanied by a written certification that the moving party has made reasonable good-faith effort to reach agreement with opposing counsel on the matters set forth in the motion.

Federal Rules of Civil Procedure 26(c)[1] and 37(a)(2)(B), as amended on December

---

[1] Although plaintiff's motion is not, strictly speaking, a Rule 26(c) motion, the motion is a "motion relating to discovery" under the terms of the General Order, and the court deems it advisable to require a good faith conference in an effort to avoid dispute concerning additional interrogatories.

1, 1993, require litigants to seek to resolve discovery disputes by a good faith <u>conference before seeking court intervention</u>.  Discovery motions filed pursuant to these Rules <u>must be accompanied by a certification</u> that the movant has in good faith conferred or attempted to confer with other affected parties in an effort to resolve the dispute without court action.

      DONE, this 18th day of October, 2006.

                                          /s/ Susan Russ Walker  
                                          SUSAN RUSS WALKER  
                                          UNITED STATES MAGISTRATE JUDGE