IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| DAVID FINNEY, an individual, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | )  CV NO. 3:06-CV-622-WKW |
| TAKATA, a foreign corporation; | ) |
| TAKATA U.S.A. CORPORATION | ) |
| d/b/a TAKATA CORPORATION, | ) |
| a foreign corporation, Et al. | ) |
| | ) |
| Defendants. | ) |

**PLAINTIFF'S S SECOND RENEWED MOTION FOR LEAVE OF COURT TO PROPOUND 27 WRITTEN INTERROGATORIES WITH SUBPARTS TO DEFENDANTS**

**COMES NOW** Plaintiff David Finney, by and through his counsel of record in the above-styled case and respectfully requests this Honorable Court to allow him to serve 27 interrogatories, with subparts, to the following named party defendants in this lawsuit: TAKATA U.S.A. CORPORATION d/b/a TAKATA CORPORATION; TAKATA SEAT BELTS, INC.; TAKATA RESTRAINT SYSTEMS, INC.; TAKATA NORTH AMERICAN, INC.; TAKATA INC. As grounds for same, Plaintiff states as follows:

1. The instant case involves a complex products liability subject matter involving Defendant Nissan North America, Inc., a major automobile manufacturer, and at least six separate subsidiaries of Defendant Takata Corporation, a seat belt manufacturer and distributor. The Plaintiff is diligently attempting to identify any further entities which may be proper party defendants.

2. On or about October 29, 2006, Plaintiff's Counsel contacted Counsel for Defendant Takata and requested that Defendant Takata permit the Plaintiff to propound additional written interrogatories to Defendant Takata, over and above the 25-interrogatory limit set forth in F.R.C.P. 33(a).

3. On or about October 30, 2006, Plaintiff's Counsel received correspondence from Counsel for Defendant Takata that neither confirmed nor denied Defendant Takata's willingness to allow Plaintiff to propound additional interrogatories, but rather questioned why the aforesaid Takata entities should have to respond to Plaintiff's discovery at all (Please see Exhibit "A").

4. Upon receipt of Counsel for Defendant Takata's aforesaid correspondence, Plaintiff's Counsel again attempted to contact Counsel for Defendant Takata by telephone to discuss the matter further. However, Plaintiff's Counsel was unable to reach Counsel for Defendant Takata.

5. After waiting for over a week to receive a return telephone call from Counsel for Defendant Takata, Plaintiff's Counsel sent Counsel for Defendant Takata correspondence on November 14, 2006 asking that Defendant Takata provide a definitive response to Plaintiff's request by November 17, 2006 (Please see Exhibit "B").

6. Finally, on Monday, November 20, 2006, after failing to receive a response from Defendant Takata, Plaintiff's Counsel again tried to contact Counsel for Defendant Takata in order to resolve the matter amicably and without the need for court intervention. However, Plaintiff's Counsel was unable to reach Counsel for Defendant Takata.

7. Subsequently, on Tuesday, November 21, 2006, Counsel for Defendant Takata sent correspondence to Plaintiff's Counsel which again failed to definitively confirm whether Defendant Takata would voluntarily allow the Plaintiff to propound additional interrogatories on Defendant Takata (Please see Exhibit "C").

8. Plaintiff's Counsel has made reasonable good faith efforts to reach an agreement with Counsel for Defendant Takata on the aforesaid discovery issue but has been unable to do so. (Please see Plaintiff Counsel's <u>Certificate of Good Faith</u>, attached as Exhibit "D").

9. On November 26, 2006, this Honorable Court issued an Order denying without prejudice <u>Plaintiff's Renewed Motion for Leave of Court to Propound Additional Written Interrogatories to Defendants</u>, stating the Plaintiff's Counsel has "not supported his motion with an explanation of the subject matter of the propounded interrogatories, or with copies of the interrogatories already propounded, defendants' responses to those interrogatories (if any), the additional interrogatories he now seeks to serve, or any other documentation demonstrating that additional interrogatories are warranted."

10. In response to this Honorable Court's aforesaid Order and corresponding instructions, the Plaintiff respectfully states that he has not previously served any interrogatories on Defendant Takata U.S.A. Corporation, d/b/a Takata Corporation, Defendant Takata Seat Belts, Inc., Defendant Takata Restraint Systems, Inc., Defendant Takata North American, Inc., and/or Defendant Takata, Inc.

11. Moreover, Plaintiff states that due to the complex nature of this litigation, specifically a products liability case against a major automobile manufacturer and a major seatbelt manufacturer/distributor, additional interrogatories over and above the 25-

interrogatory limit as set forth by the Federal Rules of Civil Procedure, are necessary to ensure that the Plaintiff has the opportunity to obtain all relevant facts and information vital to the prosecution of this matter.

12. In support of his request, the Plaintiff has attached a proposed copy of Plaintiff's First Interrogatories to Defendant Takata U.S.A. Corporation, d/b/a Takata Corporation for this Honorable Court's review (Please see Exhibit "E").

13. The general subject matter of the Plaintiff's proposed interrogatories focuses on the production, design, manufacture, testing and distribution of the subject matter seatbelt and/or seatbelt components made the basis of this lawsuit, as set forth fully in attached Exhibit E.

14. As this Honorable Court will note, the Plaintiff's proposed interrogatories to Defendant Takata are comprised of 27 interrogatories, with subparts.

15. Moreover, Counsel for Defendant Nissan North America, Inc., has already agreed to respond to Plaintiff's First Interrogatories to Defendant Nissan North America, Inc., which also exceeds the 25-interrogatory limit, without requiring an Order from this Honorable Court.

16. Consequently, the Plaintiff respectfully requests this Honorable Court to allow the Plaintiff to serve written interrogatory requests over and above the 25-interrogatory limit set forth in F.R.C.P. 33(a) on Defendants TAKATA U.S.A. CORPORATION d/b/a TAKATA CORPORATION; TAKATA SEAT BELTS, INC.; TAKATA RESTRAINT SYSTEMS, INC.; TAKATA NORTH AMERICAN, INC.; TAKATA INC.

                                                                                 K. Stephen Jackson    (JAC 034)
                                                                                 Joseph L. "Josh" Tucker   (TUC 033)
                                                                                 Joel L. DiLorenzo (DIL018)
                                                                                 *Attorneys for Plaintiff*

**OF COUNSEL:**

**JACKSON & TUCKER, P.C.**
Black Diamond Building
2229 First Avenue North
Birmingham, Alabama 35203
Telephone: (205) 252-3535
Facsimile: (205) 252-3536


Walter B. Calton, Esq.
312 East Broad Street
Eufaula, AL  36027


## CERTIFICATE OF SERVICE

I herby certify that a true and correct copy of the above was served upon the following via regular United States Mail, postage prepaid and properly addressed on this 8th day of December, 2006.

Charles A. Stewart, III, Esq.
Bradley, Arant, Rose & White, LLP
Attorney for Defendant Takata

Robert C. Khayat, Jr., Esq.
King & Spalding, LLP
Attorney for Defendant Nissan North America

                                                                            Attorney for Plaintiff