# Exhibit "E"

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| DAVID FINNEY, an individual, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) CV NO. 3:06-CV-622-WKW |
| NISSAN NORTH AMERICA, INC., | ) |
| a foreign corporation; TAKATA U.S.A. | ) |
| CORPORATION d/b/a TAKATA | ) |
| CORPORATION, a foreign corporation, | ) |
| Et al. | ) |
| | ) |
| Defendants. | ) |

**PLAINTIFF'S FIRST INTERROGATORIES TO TAKATA U.S.A.
CORPORATION d/b/a TAKATA CORPORATION**

**COMES NOW** Plaintiff David Finney, by and through his counsel of record in the above-styled case and propounds the following interrogatories to the Defendant, Takata U.S.A. Corporation, d/b/a Takata Corporation (hereinafter "Takata") for response within the time provided by the Federal Rules of Civil Procedure:

I. DEFINITIONS USED IN THIS FIRST SET OF INTERROGATORIES TO DEFENDANT TAKATA

A. For the purpose of these requests "you" or "your" means Takata U.S.A. Corporation, d/b/a Takata Corporation, its officers, employees, agents, servants, or representatives, and any attorneys representing the defendant. The term "company" mean Takata U.S.A. Corporation, d/b/a Takata Corporation.

B. For the purpose of these requests, "document(s)" or "record(s)" mean all writings of any type or description that are or have been in your custody or control of which you have knowledge, including, but not limited to, abstracts, audits, papers, pamphlets, contracts, agreements, forms, worksheets, checks, check stubs, bonds, employee handbooks, work rules, personnel policies, financial reports and statements, proof of loss, grievances, charts, diagrams, diaries, drawings, receipts, correspondence,

file cards, inventories, ledgers, ledger sheets, memoranda, studies, records, books, manuals, policies, advertising materials, handwritten notices, vouchers, computer printouts, facsimile transmissions, e-mail, telegrams, telexes, photographs, tape recordings, videotape or motion picture recordings, witness statements, memoranda relating to witness statements or interviews, working papers, notations of any sort of conversation, or any other reported, recorded, stored, printed, written, or graphic material in whatever form, including originals and all non-identical copies, whether different from the original by reason by any notation made on such copies or otherwise, however produced or reproduced.

   C. As used herein, the word "product" shall mean the product whose alleged defect has given rise to this litigation.

   D. The Plaintiff requests that the documents and things herein requested be produced at the office of the plaintiff's attorneys, K. Stephen Jackson of the law firm Jackson & Tucker, PC, located at 2229 First Avenue North, Birmingham, AL, 35203, on the 30th day after service of this request.

   E. Defendant Takata may comply with these discovery requests by forwarding a copy of each response, document and thing requested to one of the plaintiff's attorneys if such copies are postmarked prior to the date for which production has been designated in the preceding paragraph. Defendant Takata is also requested to appropriately designate each document and thing produced so as to indicate the paragraph to which each document and thing is produced. If a document or thing is produced pursuant to more than one paragraph, the designation should so indicate.

   F. As used herein, the phrase "defective condition" includes: (1) those conditions caused by the presence of a particular substance in the product; (2) those conditions caused by improper manufacturing; and (3) those conditions caused by improper designing.

## **INTERROGATORIES**

1. Identify yourself, the particular person(s) responding to these discovery requests, by stating your name, present address, position you hold with Takata and a description of your duties in that position.

2. State whether, before answering the remaining of these interrogatories, you made an inquiry of such officers, servants and employees of Defendant Takata and made reference to such documents, correspondences, memoranda, records and other papers in

2

the possession of Defendant Takata, that has enabled you to fully and accurately answer the following interrogatories.

3.  State the name(s), business address(es), company position(s), and educational background of the person(s) employed by Defendant Takata with the most specific knowledge of the design and development of the passenger restraint system, including seatbelt design and testing of the model seatbelt and component seatbelt parts, installed in the 1992 Nissan Sentra made the basis of this lawsuit.

4.  State whether Defendant Takata, or anyone acting on Defendant Takata's behalf, **on or before** September 3, 2005, conducted any tests, studies or evaluations of seatbelt design and performance of the model seatbelt and component seatbelt parts installed in the 1992 Nissan Sentra made the basis of this lawsuit, and if so, set forth in detail the following:

    a. The date when such test was conducted;

    b. The amount of time, from start to finish, spent conducting each such test;

    c. The name, company position, and present address of each person participating in each such test, including the name and address of the person that designed the testing protocol and parameters;

    d. Step-by-step description and methodology of each such test;

    e. Purpose of each such test;

    f. Full and complete written text of each such completed test;

    g. The verbatim content (or attach copies hereto) of all records, papers, documents, memoranda or correspondence in your company's possession concerning such tests;

3

  h. All recommendations for changes and/or modifications suggested, either written or oral, or implemented as a result of each such study.

5. State whether the defendant or anyone acting on Defendant Takata's behalf, **subsequent to** September 3, 2005, conducted any tests, studies or evaluations of seatbelt design and performance of the model seatbelt and component seatbelt parts installed in the 1992 Nissan Sentra made the basis of this lawsuit, and if so, set forth in detail the following:

  a. The date when such test was conducted;

  b. The amount of time, from start to finish, spent conducting each such test;

  c. The name, company position, and present address of each person participating in each such test;

  d. Step-by-step description and methodology of each such test;

  e. Purpose of each such test;

  f. Provide the full and complete written text of each such completed test;

  g. The verbatim content (or attach copies hereto) of all records, papers, documents, memoranda or correspondence in your company's possession concerning such tests;

  h. All recommendations for changes and/or modifications suggested, either written or oral, or implemented as a result of each such study.

6. Identify all other studies or tests, including the authors' names, places of employment, current addresses, and any citations, regarding the seatbelt design and performance characteristics of the model seatbelt and its component parts installed in the 1992 Nissan Sentra made the basis of this lawsuit of which you are aware.

4

7. Identify all actions taken by you regarding the seatbelt design and performance characteristics and the failure rate attributed to Takata seatbelts and component seatbelt parts installed in Nissan vehicles, including the 1992 Nissan Sentra made the basis of this lawsuit, from 1980 until the present, whether as a result of customer or consumer complaints, studies, tests or other reasons and further identify the applicable reason for any change in design.

8. State whether Defendant Takata has received any complaints, correspondence or other communications concerning accidental occurrences, personal injuries, death or property damages associated with Takata seatbelts and component seatbelt parts installed in the 1992 Nissan Sentra made the basis of this lawsuit or any substantially similar vehicle.

9. If the answer to previous interrogatory is in the affirmative, set forth in detail:

   a. Name and present address of each such person or company who made each such communication;

   b. The date of each such communication;

   c. The events and factual allegations described in each such communication;

   d. The components and products involved in each such communication;

   e. The contents of your company's response to each such communication;

   f. The name, present address, and company position of the person(s) who drafted the response to each such communication;

   g. The name, present address, and company position of your employee who presently has custody of all papers concerning said communications and your replies to said communications; and

    h. The identity of each individual lodging a complaint and attach hereto two copies of all letters, correspondence, records and other documents in your possession relating to such communication including such communication and your company's response thereto.

10. State whether any legal actions, including civil lawsuits, have been initiated against Defendant Takata for personal injuries or death allegedly associated with seatbelt failure involving the 1992 Nissan Sentra, or any other Nissan vehicle, utilizing Takata Incorporated, Takata North American, Inc., Takata Restraint Systems, Inc., Takata Seat Belts, Inc., and/or Takata U.S.A. Corporation seatbelts. If answered in the affirmative, please set forth in detail:

    a. The caption, jurisdiction, and file number of each such action;

    b. The names and present addresses of the plaintiffs of each such action;

    c. When and where each such action was filed;

    d. The current disposition of each case, including the verdict, and if the case settled prior to trial, the amount of the settlement;

    e. The names of the counsel for the plaintiffs and defendants in each such action and;

    f. The name and present address of each such expert witness who testified on behalf of either the plaintiff or defendant in each such action.

11. Identify all communications to Takata from any governmental agency regarding the seatbelt characteristics and/or failure rate attributed to Nissan vehicles, including the 1992 Nissan Sentra, that utilize Takata Incorporated, Takata North American, Inc.,

Takata Restraint Systems, Inc., Takata Seat Belts, Inc., and/or Takata U.S.A. Corporation seatbelts.

12. Identify and produce all communications, whether written or oral, between Defendant Takata and any other business entity regarding failure rate of Takata seatbelts installed in Nissan automobiles, including the 1992 Nissan Sentra made the basis of this lawsuit.

13. Identify each person by name, employer and job title who supervised the design, testing and manufacture of the model seatbelt and its component parts installed in the 1992 Nissan Sentra made the basis of this lawsuit for or on behalf of Takata. In responding to this interrogatory, please set forth a description of each person's responsibilities and qualifications.

14. Identify any and all safety hazards in the design of the model seatbelt and component seatbelt parts installed in the 1992 Nissan Sentra made the basis of this lawsuit and include:

   a. The safety measures that were incorporated to address the safety issues;

   b. A description of each safety hazard you considered during the process of selecting the design of the model seatbelt and its component parts installed in the 1992 Nissan Sentra made the basis of this lawsuit;

   c. The name(s), address(es) and employer(s) of the individual(s) who had the ultimate responsibility for identifying potential safety risks inherent in the design of the model seatbelt and its component parts installed in the 1992 Nissan Sentra made the basis of this lawsuit;

  d. The name, address and employer of each and every person charged with the responsibility of determining how potential safety risks that Takata, or one of its agents, would be addressed in the final design of the model seatbelt and its component parts installed in the 1992 Nissan Sentra made the basis of this lawsuit;

15. Describe in detail each act or omission on the part of the plaintiff that the Defendant Takata contends constituted negligence that was a contributing legal cause of the seatbelt failure in question.

16. State whether there exists any policy of liability insurance which insures the defendant from liability for personal injury damages arising from the circumstances alleged in the complaint, and if so, set forth in detail for each such policy:

  a. The name and address of the insurance company issuing the policy;

  b. The number of the policy;

  c. The effective date and expiration date thereof;

  d. The limits of liability insurance coverage afforded by the policy for injury to any one person;

  e. The limits of total liability insurance coverage afforded by the policy for injuries sustained in any one occurrence by more than one person;

  f. The name, address and company position of the employee who has supervisory responsibility for the disposition of the plaintiff's claim;

  g. The terms of and parties to any reinsurance agreement applicable hereto;

  h. Whether there is a deductible, and if so, the amount and terms applicable thereto;

    i. Whether the policy is retrospective and if so, the terms applicable thereto; and

    j. Whether the defendant is self-insured, and if so, the limits of coverage afforded.

17. State whether, **on or before** September 3, 2005, Defendant Takata or anyone acting on its behalf, as part of Defendant Takata's standard business practice issued to the purchasers of the 1992 Nissan Sentra or automobiles of the same year of designation, any warnings, instructions or communications (either written or oral) concerning the possibility of the vehicle's seatbelts breaking or failing and if so, set forth in detail:

    a. The full text of each such warning, communication or instruction;

    b. Whether each such warning, communication or instruction was written or oral;

    c. The date when each such warning or instruction was issued;

    d. The format of each such warning, communication or instruction (booklet, user manual, decal, letter, etc.);

    e. The name and present address of the person or persons who issued each such warning, communication or instruction;

    f. The name, present address and company position of person who presently has custody of all documents and records relating to each such warning, communication and instruction;

    g. The identity of and attach hereto two copies of, any such booklets, brochures, manuals, decals, letters, instructional, promotional or descriptive materials issued by you to the purchaser of said automobile containing said warnings, instructions or communications; and

    h.    The identity of and attach hereto two copies of, all documents, correspondence, records and papers relating said warnings, instructions or communications and the promulgation and issuance thereof.

18.    State whether, **subsequent to** September 3, 2005, Defendant Takata or anyone acting on its behalf, as part of Takata's standard business practice, issued to the purchasers of the 1992 Nissan Sentra or any other Nissan-manufactured automobiles of the same year designation, any warnings, instructions or communications (either written or oral) concerning the possibilities of the vehicle rolling over and if so, set forth in detail:

    a. The full text of each such warning, communication or instruction;

    b. Whether each such warning, communication or instruction was written or oral;

    c. The date when each such warning or instruction was issued;

    d. The format of each such warning, communication or instruction (booklet, user manual, decal, letter, etc.);

    e. The name and present address of the person or persons who issued each such warning, communication or instruction;

    f. The name, present address and company position of person who presently has custody of all documents and records relating to each such warning, communication and instruction;

    g. The identification of and attach hereto two copies of, any such booklets, brochures, manuals, decals, letters, instructional, promotional or descriptive materials issued by you to the purchaser of said automobile containing said warnings, instructions or communications; and

    h. The identification of and attach hereto two copies of, all documents, correspondence, records and papers relating said warnings, instructions or communications and the promulgation and issuance thereof.

19. State whether Defendant Takata made an agreement with any person or entity that would limit that party's liability to the plaintiff for any of the damages claimed in this lawsuit, and if so, set forth in detail the terms of the indemnity agreement and the names, addresses, and relationship to the defendant of all parties to it.

20. State whether you have knowledge of any statement made by or on behalf of any person or by any party to this lawsuit concerning any issue in this lawsuit, and if so, set in detail for each such statement:

    a. The date when, the time that, and the place where the statement was made and heard;

    b. The name and address of each person who made the statement;

    c. The name and address of each such person that heard the statement; and

    d. The substance of the statement.

21. For each person for whom Defendant Takata believes has knowledge or claims to have knowledge regarding the facts or issues involved in this action, set forth in detail:

    a. The name and present address of each such person;

    b. The facts and issues of which such person has knowledge or claims to have knowledge of; and

    c. The manner of which such person came to have possession of such knowledge.

22. Identify all experts who are expected to be called as a witness by you at trial and provide:

    a.    Their full name;

    b.    Their address:

    c.    Their place of employment;

    d.    Their employer;

    e.    Their telephone number;

    f.    The subject matter on which the expert is expected to testify;

    g.    The substance of the facts and opinions on which the expert is expected to testify; and

    h.    A summary of the grounds for each opinion on which the expert is expected to testify.

23. State this defendant's role in the design, manufacture, assembly, and/or distributive chain of the product. If this defendant claims to have no such role, state the name and address of each and every person and entity that did.

24. State the name and address of each entity within the production/distribution chain with regard to the seat belt and seat belt components made the basis of this lawsuit from the date of manufacture up until the date of the incident made the basis of this lawsuit.

25. List and describe any and all plans, blueprints, drawings, specifications, records, reports, memoranda and other written or recorded documents relating to the design, manufacture or assembly of the seat belt and seat belt components made the basis of this lawsuit, and state separately and severally for each document:

    a.    The date of the document;

    b.    The content of the document;

  c. The name, address, job title and employer of the person who now has custody, control or possession of the document.

  d. Produce and attach to your answers and responses to this discovery a copy of each document referred to in your answer to this interrogatory.

26. List any standards, if any, which pertain to the design, manufacture or assembly of the seat belt product described in the complaint or other similar products including, but not limited to, all standards known to the defendant which were promulgated by local, state or federal agencies, bureaus or commissions, or by industry groups.

27. Do you contend or have any knowledge whatsoever that anyone other than the named defendants in this case had any connection with or relationship to the occurrence made the basis of this lawsuit, including, but not limited to, the design, production, manufacture and distribution of the seat belt and seat belt components made the basis of this lawsuit?

                _____
                K. Stephen Jackson (JAC 034)
                Joseph L. "Josh" Tucker (TUC 033)
                *Attorneys for Plaintiff*

**OF COUNSEL:**

**JACKSON & TUCKER, P.C.**
Black Diamond Building
2229 First Avenue North
Birmingham, Alabama 35203
Telephone: (205) 252-3535
Facsimile: (205) 252-3536

Walter B. Calton, Esq.
312 East Broad Street
Eufaula, AL 36027

## CERTIFICATE OF SERVICE

I herby certify that a true and correct copy of the above was served upon the following via regular United States Mail, postage prepaid and properly addressed on this 8th day of December, 2006.

Charles A. Stewart, III, Esq.
Bradley, Arant, Rose & White, LLP
Attorney for Defendant Takata

Robert C. Khayat, Jr., Esq.
King & Spalding, LLP
Attorney for Defendant Nissan North America

_____
Attorney for Plaintiff