IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | | |
|---|---|---|
| DAVID FINNEY, an individual,, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| NISSAN NORTH AMERICA, INC., a | ) | |
| foreign corporation; TAKATA U.S.A. | ) | |
| CORPORATION d/b/a TAKATA | ) | |
| CORPORATION,  a foreign corporation; | ) | CIVIL ACTION NUMBER:  3:06-cv-622 |
| TAKATA SEAT BELTS INC., a foreign | ) | |
| corporation; TAKATA RESTRAINT | ) | |
| SYSTEMS INC., a foreign corporation; | ) | |
| TAKATA NORTH AMERICAN INC., a | ) | |
| foreign corporation; and TAKATA INC.;  a | ) | |
| foreign corporation, and TAKATA | ) | |
| CORPORATION; a foreign corporation | ) | |
| | ) | |
| Defendants. | | |

## ANSWER TO FIRST AMENDED COMPLAINT

**Takata U.S.A. Corporation, Takata Seat Belts Inc., Takata Restraint Systems Inc.,**

**Takata North American Inc.,** and **Takata Inc.** ("These Defendants") file their answer to the

Plaintiff's First Amended Complaint as follows:

### First Defense

1.    These Defendants have insufficient information to either admit or to deny the

allegations set forth in Paragraph 1 and, as a result, deny the same and demand strict proof

thereof.

2.    These Defendants have insufficient information to either admit or to deny the

allegations set forth in Paragraph 2 and, as a result, deny the same and demand strict proof

thereof.

3.      These Defendants deny the allegations set forth in Paragraph 3 and demand strict proof thereof.

4.      These Defendants deny the allegations set forth in Paragraph 4 and demand strict proof thereof.

5.      These Defendants deny the allegations set forth in Paragraph 5 and demand strict proof thereof.

6.      These Defendants deny the allegations set forth in Paragraph 6 and demand strict proof thereof.

7.      These Defendants deny the allegations set forth in Paragraph 7 and demand strict proof thereof.

8.      As phrased, these Defendants deny the allegations set forth in paragraph 8 of Plaintiff's First Amended Complaint and demand strict proof thereof.

9.      These Defendants deny the allegations set forth in Paragraph 9 and demand strict proof thereof.

10.     These Defendants deny the allegations set forth in Paragraph 10 and demand strict proof thereof.

11.     The allegations set forth in Paragraph 11 of Plaintiff's First Amended Complaint do not require a response, but to the extent one is deemed required, these Defendants deny the allegations set forth herein and further state that Plaintiff's proposed use of the collective term "Defendants" is inconsistent with the Federal Rules of Civil Procedure.

12.     These Defendants deny the allegations set forth in Paragraph 12 and demand strict proof thereof.

13.     These Defendants do not dispute that venue is proper in this Court, but they deny the remaining allegations set forth in this Paragraph and demand strict proof thereof.

14.     These Defendants admit there is complete diversity of citizenship, and that jurisdiction based on 28 U.S.C. §1332 is proper.  These Defendants further agree that Plaintiff seeks damages in excess of $75,000, but expressly deny that they are liable for any damages to Plaintiff.

15.     These Defendants deny the allegations set forth in Paragraph 15 and demand strict proof thereof.

16.     These Defendants deny the allegations set forth in Paragraph 16 and demand strict proof thereof.

17.     These Defendants restate each allegation set forth above in response to this Paragraph.

18.     These Defendants deny the allegations set forth in Paragraph 18 and demand strict proof thereof.

19.     These Defendants deny the allegations set forth in Paragraph 19 and demand strict proof thereof.

20.     These Defendants deny the allegations set forth in Paragraph 20 and demand strict proof thereof.

21.     These Defendants deny the allegations set forth in Paragraph 21 and demand strict proof thereof.

22.     These Defendants deny the allegations set forth in Paragraph 22 and demand strict proof thereof.

23.     These Defendants deny the allegations set forth in Paragraph 23 and demand strict proof thereof.

24.     These Defendants deny the allegations set forth in Paragraph 24 and demand strict proof thereof.

25.     These Defendants deny the allegations set forth in Paragraph 25 and demand strict proof thereof.

26.     These Defendants deny the allegations set forth in Paragraph 26 and demand strict proof thereof.

27.     These Defendants deny the allegations set forth in Paragraph 27 and demand strict proof thereof.

28.     These Defendants deny the allegations set forth in Paragraph 28 and demand strict proof thereof.

29.     These Defendants restate each allegation set forth above in response to this Paragraph.

30.     These Defendants deny the allegations set forth in Paragraph 30 and demand strict proof thereof.

31.     These Defendants deny the allegations set forth in Paragraph 31 and demand strict proof thereof.

32.     These Defendants deny the allegations set forth in Paragraph 32, and its subparts, and demand strict proof thereof.

33.     These Defendants deny the allegations set forth in Paragraph 33 and demand strict proof thereof.

34.    These Defendants deny the allegations set forth in Paragraph 34, and its subparts, and demand strict proof thereof.

35.    These Defendants deny the allegations set forth in Paragraph 35 and demand strict proof thereof.

36.    These Defendants deny the allegations set forth in Paragraph 36, and its subparts, and demand strict proof thereof.

37.    These Defendants deny the allegations set forth in Paragraph 37 and demand strict proof thereof.

38. These Defendants deny the allegations set forth in Paragraph 38 and demand strict proof thereof.

39.    These Defendants deny the allegations set forth in Paragraph 39 and demand strict proof thereof.

40.    These Defendants deny the allegations set forth in Paragraph 40 and demand strict proof thereof.

41.    These Defendants deny the allegations set forth in Paragraph 41 and demand strict proof thereof.

42.    These Defendants deny the allegations set forth in Paragraph 42, and its subparts, and demand strict proof thereof.

43.    These Defendants restate each allegation set forth above in response to this Paragraph.

44.    These Defendants deny the allegations set forth in Paragraph 44 and demand strict proof thereof.

45.     These Defendants deny the allegations set forth in Paragraph 45 and demand strict proof thereof.

46.     These Defendants deny the allegations set forth in Paragraph 46 and demand strict proof thereof.

47.     These Defendants deny the allegations set forth in Paragraph 47 and demand strict proof thereof.

48.     These Defendants deny the allegations set forth in Paragraph 48 and demand strict proof thereof.

49.     These Defendants deny the allegations set forth in Paragraph 49 and demand strict proof thereof.

50.     These Defendants deny the allegations set forth in Paragraph 50 and demand strict proof thereof.

51.     These Defendants deny the allegations set forth in Paragraph 51 and demand strict proof thereof.

52.     These Defendants deny the allegations set forth in Paragraph 52, and its subparts, and demand strict proof thereof.

53.     These Defendants restate each allegation set forth above in response to this Paragraph.

54.     These Defendants deny the allegations set forth in Paragraph 54 and demand strict proof thereof.

55.     These Defendants deny the allegations set forth in Paragraph 55 and demand strict proof thereof.

56.     These Defendants deny the allegations set forth in Paragraph 56 and demand strict proof thereof.

57.     These Defendants deny the allegations set forth in Paragraph 57 and demand strict proof thereof.

58.     These Defendants deny the allegations set forth in Paragraph 58 and demand strict proof thereof.

59.     These Defendants deny the allegations set forth in Paragraph 59, and its subparts, and demand strict proof thereof.

60.     These Defendants restate each allegation set forth above in response to this Paragraph.

61.     These Defendants deny the allegations set forth in Paragraph 61 and demand strict proof thereof.

62.     These Defendants deny the allegations set forth in Paragraph 62 and demand strict proof thereof.

63.     These Defendants deny the allegations set forth in Paragraph 63, and its subparts, and demand strict proof thereof.

64.     These Defendants deny the allegations set forth in Paragraph 64 and demand strict proof thereof.

65.     These Defendants deny the allegations set forth in Paragraph 65, and its subparts, and demand strict proof thereof.

66.     These Defendants restate each allegation set forth above in response to this Paragraph.

67.     These Defendants deny the allegations set forth in Paragraph 67 and demand strict proof thereof.

68.     These Defendants deny the allegations set forth in Paragraph 68 and demand strict proof thereof.

69.     These Defendants deny the allegations set forth in Paragraph 69 and demand strict proof thereof.

70.     These Defendants deny the allegations set forth in Paragraph 70 and demand strict proof thereof.

71.     These Defendants deny the allegations set forth in Paragraph 71, and its subparts and demand strict proof thereof.

The unnumbered, WHEREFORE paragraphs in the First Amended Complaint do not require a response by these Defendants; however, to the extent responses are deemed required, these Defendants deny the material allegations of same and demand strict proof thereof.

## Second Defense

These Defendants deny having any role in the design or manufacture of the 1992 Nissan Sentra described in Plaintiff's First Amended Complaint.

## Third Defense

These Defendants contest the injuries and damages alleged in Plaintiff's First Amended Complaint and, therefore, demand strict proof of any alleged injury or damage.

## Fourth Defense

These Defendants state that they are not indebted or liable to Plaintiff in any manner or amount whatsoever.

## Fifth Defense

These Defendants state that the sole proximate cause of the injuries and damages alleged in Plaintiff's First Amended Complaint may have been the actions, non-actions, or negligence of a person or persons other than these Defendants for whose actions, non-actions, or negligence the Defendant is in no way liable. Plaintiff is not therefore entitled to recover from these Defendants in this action.

## Sixth Defense

These Defendants state that the injuries and damages alleged in Plaintiff's First Amended Complaint may have been caused by an intervening, superseding action for which these Defendants are in no way liable. Plaintiff is therefore not entitled to recover from these Defendants in this action.

## Seventh Defense

These Defendants state that the Plaintiff may have been contributorily negligent. Plaintiff is not, therefore, entitled to recover from these Defendants in this action.

## Eighth Defense

These Defendants state that the Plaintiff may have assumed the risk of his alleged injuries. Plaintiff is not, therefore, entitled to recover from the Takata in this action.

## Ninth Defense

These Defendants aver the defense of misuse.

## Tenth Defense

These Defendants deny that they were guilty of any negligence or wantonness on the occasion complained of in Plaintiff's First Amended Complaint.

**Eleventh Defense**

These Defendants state that they are not guilty of the things and matters alleged in Plaintiff's First Amended Complaint.

**Twelfth Defense**

No allegedly wrongful act or omission of these Defendants was the cause in fact or the proximate cause of the Plaintiff's injuries or other damages.

**Thirteenth Defense**

These Defendants assert the defense of intervening and/or superseding causation.

**Fourteenth Defense**

To the extent Plaintiff seeks to assert a claim for breach of warranty, Plaintiff failed to give proper notice.

**Fifteenth Defense**

These Defendants state that the damages sustained by the Plaintiff, if any, were proximately caused and occasioned by the acts or omissions of the Plaintiff, or of others, said acts and omissions being the sole cause of the Plaintiff's alleged damages.  Therefore, these Defendants plead the intervening acts and omissions of the Plaintiff, and of others, as a complete bar to the Plaintiff's claim.

**Sixteenth Defense**

These Defendants aver that Plaintiff's claims are pre-empted by federal law.

**Seventeenth Defense**

These Defendants plead lack of jurisdiction under 12(b)(2).

**Eighteenth Defense**

These Defendants plead lack of insufficiency of process under 12(b)(4).

**Nineteenth Defense**

These Defendants plead lack of service of process under 12(b)(5).

**Twentieth Defense**

These Defendants please failure to state a claim upon which relief can be granted.

**Twenty-First Defense**

Plaintiff's First Amended Complaint is vague with regard to the damages Plaintiff seeks, and it is impossible to guess at the relief he demands.  If Plaintiff intends to seek punitive damages in his First Amended Complaint as amended, then these Defendants assert:

(a)     These Defendants denies they are guilty of conduct for which punitive damages could or should be awarded and deny that Plaintiff has produced clear and convincing evidence sufficient to support or sustain the imposition of punitive damages against these Defendants.

(b)     Plaintiff cannot recover punitive damages against these Defendants because such an award, which is penal in nature, would violate these Defendants' constitutional rights protected under the Alabama Constitution of 1901, as amended, and the Constitution of the United States unless these Defendants is afforded the same procedural safeguards as are criminal defendants, including, but not limited, the right to avoid self-incrimination, the right to forego production and disclosure of any incriminating documents, and the right to the requirement of a level of proof beyond a reasonable doubt.

(c)     Subjecting  to punitive damages, or affirming an award of punitive damages against these Defendants in this case, would amount to and constitute a denial of due process as afforded by the Due Process Clause of the Fourteenth Amendment to the United States Constitution and by

the Due Process Clause of the Article I, Section 13, of the Alabama Constitution as separation of property without due process of law, or standards or criteria of due process of law, based upon the following grounds and circumstances, separately and severally assigned:

(i)     Any award of punitive damages against these Defendants under the evidence in this case would necessarily be based upon an evidentiary standard less than a standard of proof of beyond reasonable doubt;

(ii)    There is a lack of reasonable standards necessary to instruct the jury on the propriety and amount of any punitive damages award, and such an award is subject to no predetermined limits;

(iii)   Any punitive damages award would not be subject to post-trial or appellate review on the basis of suitable and sufficient objective standards and criteria;

(iv)    The power and authority imposed upon the jury under Alabama law as to the amount of punitive damages is so relatively unfettered that there is lacking any reasonable or logical standard, uniform criteria, or guidance in the assessment of the amount of the award of punitive damages;

(v)     Under Alabama law and procedure, there is no objective, logical, or rational relationship between the award, or the amount of the award, of punitive damages and these Defendants' alleged wrongful or culpable conduct;

(vi)  Under Alabama law and procedure, there is no objective, logical, or rational relationship between the award, or the amount of the award, of punitive damages and the interests or goals of the State of Alabama referable to the imposition or allowance of punitive damages;

(vii)  Under Alabama law and procedure, there is no objective or rational criteria for the amount of the award of punitive damages as relates or compares to the assessment of compensatory damages, or the amount of compensatory damages;

(viii)  In the event that a single verdict be mandated against all defendants herein for an award of punitive damages in this case, such a single verdict would be imposed regardless of the degree of culpability of a particular defendant, and such a non-apportionment rule could result in a joint and several verdict against all defendants whereby punitive damages could be assessed against one defendant based in part upon culpability of another defendant, and such a joint verdict the single amount could be enforced against a defendant for any portion of that judgment regardless of the defendant's culpability or relative culpability;

(ix)  Should the Court require the award of punitive damages in a single, joint, and several verdict of one amount, an adoption of this non-apportionment rule would be contrary to the objective of

punishing specific misconduct and would be contrary to the objective of assessing punitive damages according to culpability of conduct;

(x)     Where a joint and several punitive damages award is mandated to be in a single amount against each defendant, such a rule additionally violates a defendant's right to trial by jury as the jury would be prohibited from apportioning damages against these defendants according to the degree of culpability of the conduct of these Defendants;

(xi)    An award of punitive damages should not be permitted to be assessed against defendant for unauthorized acts of an agent or agents without any additional requirement of knowledge or fault on the part of the Defendant;

(xii)   An award of punitive damages should not be permitted to be assessed against these Defendants vicariously as a principle without any further proof of independent, wrongful conduct, or ratification by these Defendants;

(xiii)  Alabama procedures, pursuant to which amounts of punitive damages are awarded, permit the imposition of different penalties for the same or similar acts;

(xiv)   Under Alabama law and procedures governing the award in assessment of punitive damages there is no objective, logical, or

reasonable standard or criteria which governs the award or the amount of the award of punitive damages;

(xv)   The procedures pursuant to which punitive damages are awarded fail to provide a reasonable limit on the amount of the award against these Defendants;

(xvi)  The procedures pursuant to which punitive damages are awarded are unconstitutionally vague;

(xvii) The procedures pursuant to which punitive damages are awarded fail to provide a clear post-trial or appellate standard of review on an award of punitive damages;

(xviii) The procedures pursuant to which punitive damages are awarded may permit admission of evidence relative to punitive damages in the same proceedings during which liability and compensatory damages are determined; and

(xix)  An award of punitive damages would constitute an arbitrary and capricious taking of property of these Defendants without due process of law.

(d)    Plaintiff is not entitled to punitive damages from these Defendants pursuant to the facts as alleged in Plaintiff's First Amended Complaint.

(e)    The claim of plaintiff for punitive damages against these Defendants is barred by the Fourteenth Amendment to the United States Constitution and by the Alabama Constitution.

(f)    Imposition of punitive damages in this case against these Defendants would contravene the commerce clause of the United States Constitution in that such an award would constitute, if imposed, an undue and unreasonable burden on interstate commerce.

(g)    To award punitive damages against these Defendants in this case would have a chilling affect upon these Defendants' right to open access to the courts of this State in violation of the United States Constitution and the Alabama Constitution, separately and severally.

(h)    Imposition of punitive damages in this case would violate the Excessive Fines Clause of the Eighth Amendment to the United States Constitution and Article I, Section 15, of the Alabama Constitution.

(i)    To award punitive damages against these Defendants in this case would violate the Contracts Clause of Article I, Section 10, of the United States Constitution as an award of punitive damages would impair contractual obligations.

(j)    Based upon Alabama procedures relative punitive damages, which provide no objective, logical, or reasonable standards or criteria to govern the award or the amount of the award of punitive damages, these Defendants are denied equal protection of the laws as guaranteed by the Fourteenth Amendment of the United States Constitution and Article I, §§ 1, 6, and 22, of the Alabama Constitution, separately and severally.

(k)    Plaintiff's claim for punitive damages violates the rights of these Defendants to due process of law and equal protection of the law as

guaranteed by the United States Constitution and the Alabama Constitution in that the procedure for post-trial review of punitive damages as set forth in *Hammond v. City of Gadsden* and *Green Oil Company v. Hornsby* is unconstitutionally vague and inadequate in the following respects:

(i)    The *Hammond* and *Green Oil* procedure provides no clearly defined standard for courts to apply in reviewing punitive damages;

(ii)   The *Hammond* and *Green Oil* procedure provides inadequate review as to the need to deter, whether deterrence has been accomplished, and whether punishment is appropriate for these Defendants;

(iii)  The *Hammond* and *Green Oil* procedure provides inadequate review and a vague standard regarding the relationship of the punitive damages award to the harm;

(iv)   The *Hammond* and *Green Oil* procedure does not address, nor does it cure, the lack of guidelines to be given to the jury in the assessment of punitive damages;

(v)    The *Hammond* and *Green Oil* procedure is inadequate in that the trial court "may" take certain factors into account and these procedures lack predictable and objective standards of review, allow for inconsistent application of the factors, and allow for unpredictable and inconsistent results; and

(vi)    The *Hammond* and *Green Oil* procedure fails to provide definite and meaningful constraints on the jury's discretion in awarding punitive damages.

(l)    Plaintiff's First Amended Complaint seeks to make these Defendants liable for punitive damages.  these Defendants adopt by reference the defenses, criteria, limitations, and standards mandated by the Supreme Court of the United States in *BMW of North America, Inc. v. Gore*, 517 U.S. 559, 116 S. Ct. 1589 (1996), *Cooper Industries, Inc. v. Leatherman Tool Group, Inc.*, 532 U.S. 424, 121 S. Ct. 1678 (2001), and *State Farm Mutual Automobile Insurance Company v. Campbell*, 538 U.S. 408, 123 S. Ct. 1513, 155 L. Ed. 2d 585 (2003).

(m)    The demand for punitive damages in the instant case is subject to those limitations established by the Alabama Legislature and set forth in Section 6-11-21, Code of Alabama.

(n)    If multiple punitive damages awards were assessed against these Defendants in different jurisdictions, or in the same jurisdiction, it would violate the Constitutions of the United States and of the State of Alabama, violating  these Defendants' rights to due process and to a jury trial and violating  these Defendants' right against double jeopardy.

(o)    If punitive damages were assessed against these Defendants for conduct or events allegedly occurring in states other than in the forum state, these Defendants would be denied due process of law, the right to trial by jury,

and the right against double jeopardy under the Constitutions of the United States and the State of Alabama.

(p)     The imposition of punitive damages sought by Plaintiff violates these Defendant's right to due process and equal protection of the laws under the Fourteenth Amendment of the United States Constitution and the prohibition against excessive fines under the Eighth Amendment to the United States Constitution in that:

(i)     Alabama law and the Alabama punitive damages scheme, both facially and as applied in this case, provide no constitutionally adequate or meaningful standards to guide a jury or the court in determining whether, and if so, in what amount, to award punitive damages; there is no sufficiently clear definition of the conduct or mental state that makes punitive damages permissible, and no sufficient clear standard for determining the appropriate size of such an award.  Alabama law and the Alabama punitive damages scheme leave the determination of whether to award and, if so, the amount of punitive damages to the arbitrary discretion of the finder of fact without providing adequate or meaningful guidelines for, or limits to, the exercise of that discretion.

(ii)    These Defendants had no notice or means of ascertaining whether, or if so in what amount, they might be subject to a penalty for the conduct alleged by Plaintiff in this case.  That lack of notice was compounded by the absence of any adequate or meaningful

19

standards as to the kind of conduct that might subject these Defendants to punitive damages or as to the potential amount of such an award.

(iii)    Under Alabama and the Alabama punitive damages scheme, the jury is not instructed on the limits of punitive damages imposed by the purposes for which such damages are assessed.

(iv)    Under Alabama law and the Alabama punitive damages scheme, the jury is not expressly prohibited from awarding punitive damages, in whole or in part, on the basis of unduly discriminatory characteristics, including the corporate status of the defendant.

(v)    No provision of Alabama law or the Alabama punitive damages scheme provides adequate procedural safeguards consistent with the criteria set forth in *State Farm Mutual Automobile Insurance v. Campbell*, *BMW of North America, Inc. v. Gore, Pacific Mutual Life Insurance Company v. Haslip,* and *Matthews v. Eldridge*, exist for the imposition of a punitive damages award.

(vi)    Alabama law and the Alabama punitive damages scheme do not provide for adequate post-trial review of punitive damages awards or the amount thereof and do not provide objective standards for such review.

(vii)    Under Alabama law and the Alabama punitive damages scheme, there is no limit to the number of times these Defendants could be

20

held accountable for punitive damages based on the same alleged conduct as that alleged in this case.

(q)    Another effect of Alabama's punitive damages scheme is to impose punitive damages in an arbitrary, capricious, and discriminatory manner. The lack of adequate guidelines or review inevitably leads to variations in result without any rational basis for differentiation, and without serving any legitimate governmental purpose or interest.    As a result, the constitutional mandates for equal protection of the laws as provided under the Fourteenth Amendment to the United States Constitution are violated.

(r)    Insofar as the punitive damages awards sought by Plaintiff seeks to impose punitive damages under Alabama law for conduct in other states, the award violates:

(i)    these Defendants' rights to due process and due course of law under the Fourteenth Amendment to the United States Constitution and the guarantees of due process of law provided under the Alabama Constitution of 1901;

(ii)    The dormant or negative commerce clause derived from Article I, Section 8, Clause 3, of the United States Constitution;

(iii)    The full faith and credit clause of Article IV, Section 1, of the United States Constitution;

(iv)    The requirement of the United States Constitution that a state respect the autonomy of other states within their spheres; and

(v)    The prohibition against excessive fines in the United States Constitution.

### Twenty-Second Defense

These Defendants have not had an opportunity to conduct a sufficient investigation or to engage in adequate discovery touching on the circumstances of the Plaintiff's allegations.  these Defendants intend to act as best they can to inform themselves as to the pertinent facts and prevailing circumstances surrounding any reported injury or damage to the Plaintiff as alleged in the First Amended Complaint, and hereby give notice of their intent to assert any further affirmative defenses that their information-gathering process may indicate is supported by fact and law, including but not limited to, a defense that the action is barred in whole or in part by any applicable statute, contract, release, covenant, the doctrine of laches, the Plaintiff's assumption of risk, the negligence of the operator of the product at issue in failing to keep a reasonable and proper lookout, and in otherwise failing to exercise due care.  These Defendants thus reserve the right to amend this Answer to assert any such defenses.

### Twenty-Third Defense

These Defendants reserve the right to amend their answer.

s/ Charles A. Stewart III
Charles A. Stewart III (ASB-4955-a56c)
**Bradley Arant Rose & White LLP**
The Alabama Center for Commerce
401 Adams Avenue, Suite 780
Montgomery, AL 36104
Telephone: (334) 956-7700
Facsimile: (334) 956-7701

**Attorneys for "These Defendants"**

<u>CERTIFICATE OF SERVICE</u>

        I hereby certify that on December 18, 2006, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

**Joel Lee DiLorenzo**
Jackson and Tucker, PC
Black Diamond Building
2229 First Avenue North
Birmingham, AL 35203
Email: joel@ksjpc.com

**Joseph Luther Tucker**
Jackson and Tucker, P.C.
2229 1st Avenue North
Birmingham, AL 35203
Email: josh@jacksonandtucker.com

**Kenneth S Jackson**
Jackson and Tucker, P.C.
Black Diamond Building
2229 1st Avenue North
Birmingham, AL 35203
Email: steve@jacksonandtucker.com

**Walter B. Calton**
Calton & Rutland LLC
PO Box 696
Eufaula, AL 36027-0696
Email: wcalton@bellsouth.net

**Robert C Khayat, Jr.**
King & Spalding LLP
1180 Peachtree St, NE
Atlanta, AL 30309
Email: rkhayat@kslaw.com

and I hereby certify that I have mailed by United States Postal Service the document to the following non-CM/ECF participants:

        None.

        s/ Charles A. Stewart III
        Charles A. Stewart III (ASB-4955-a56c)
        Bradley Arant Rose & White LLP
        The Alabama Center for Commerce
        401 Adams Avenue, Suite 780
        Montgomery, AL 36104
        Telephone: (334) 956-7700
        Facsimile: (334) 956-7701
        E-mail: cstewart@bradleyarant.com