## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF ALABAMA
## EASTERN DIVISION

| | |
|---|---|
| DAVID FINNEY, an individual,, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | )     **Civil Action No. 3:06cv622WKW** |
| NISSAN NORTH AMERICA, INC., et al. | ) |
| | ) |
| | ) |
| Defendants. | ) |

### OBJECTION TO PLAINTIFF'S SECOND
### RENEWED MOTION FOR LEAVE OF COURT
### TO PROPOUND 27 WRITTEN INTERROGATORIES

**Takata U.S.A. Corporation, Takata Seat Belts Inc., Takata Restraint Systems Inc., Takata North American Inc.,** and **Takata Inc. (**"these Defendants") object on the following grounds to Plaintiff's Second Renewed Motion for Leave of Court to Propound 27 Written Interrogatories with Subparts:

1.      The parties' discovery plan filed on October 3, 2006, states that the number of interrogatories allowed by the parties shall be governed by Rule 33 of the Federal Rules of Civil Procedure, which limits the number of interrogatories to twenty-five.

2.      Plaintiff was involved in the preparation of the discovery plan and had an opportunity at that time to suggest that more than twenty-five interrogatories be allowed. However, Plaintiff agreed to be limited to twenty-five interrogatories.

3.      Plaintiff's motion contains no grounds that justify service of the additional interrogatories.  Plaintiff knew when preparing the discovery plan that this case was a complex products liability case and that discovery would be needed on the production,

design, manufacture, testing, and distribution of the seatbelt at issue in the lawsuit. The nature of the case and the issues involved have not changed between the time the discovery plan was prepared and the time the Plaintiff requested leave to serve additional interrogatories.

4.    Moreover, counsel for these Defendants notified Plaintiff's counsel as early as August 2006 by telephone and three letters (attached as Exhibit A) that none of these Defendants participated in the manufacture or design of the restraint system involved in this lawsuit and that some of these Defendants no longer exist.

5.    In November 2006, these Defendants responded to Plaintiff's First Request for Production. The responses again advised Plaintiff that none of these Defendants participated in the manufacture or design of the restraint system involved in this lawsuit.

6.    Counsel for these Defendants has also given Plaintiff the name of the correct defendant, Takata Corporation. Plaintiff amended the Complaint to add Takata Corporation as a defendant and is attempting to obtain service on Takata Corporation, at which time Plaintiff can propound discovery to Takata Corporation within the limits agreed to in the parties' discovery plan.

7.    Because these Defendants were not involved in the manufacture or design of the restraint system at issue in this lawsuit, no amount of interrogatories will produce relevant facts or information vital to Plaintiff's prosecution of this matter. The general subject matter of the proposed interrogatories, as described in Plaintiff's motion, is the same as the subject matter of Plaintiff's First Request for Production mentioned above.

8.     Finally, the fact that Co-Defendant Nissan North America, Inc., has agreed to respond to the additional interrogatories without an order from this Court is irrelevant to whether the additional interrogatories should be allowed against these Defendants, who played no role in the design or manufacture of any product at issue in this lawsuit.

9.     Requiring these Defendants to respond to the additional interrogatories will be wasteful, will cause unnecessary expense, and will prejudice these Defendants.

WHEREFORE, premises considered, these Defendants respectfully urge the Court to deny Plaintiff's Second Renewed Motion to Propound 27 Written Interrogatories.

Respectfully submitted,

s/ Angela R. Rogers
Charles A. Stewart III (STE067/ASB-4955-a56c)
Angela R. Rogers (RAI017/ASB-0853-e60r)
**Bradley Arant Rose & White LLP**
The Alabama Center for Commerce
401 Adams Avenue, Suite 780
Montgomery, AL 36104
Telephone: (334) 956-7700
Facsimile: (334) 956-7701

**Attorneys for these Defendants**

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that on January 3, 2007, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

**Joel Lee DiLorenzo**
Jackson and Tucker, PC
2229 First Avenue North
Birmingham, AL 35203
Email: joel@jacksonandtucker.com

**Robert C Khayat, Jr.**
King & Spalding LLP
1180 Peachtree St, NE
Atlanta, AL 30309
Email: rkhayat@kslaw.com

**Joseph Luther Tucker**
Jackson and Tucker, P.C.
2229 1st Avenue North
Birmingham, AL 35203
Email: josh@jacksonandtucker.com

**Chilton Davis Varner**
King & Spalding LLP
1180 Peachtree St, NE
Atlanta, AL 30309
Email: cvarner@kslaw.com

**Kenneth S Jackson**
Jackson and Tucker, P.C.
2229 1st Avenue North
Birmingham, AL 35203
Email: steve@jacksonandtucker.com

**Robert B. Friedman**
King & Spalding LLP
1180 Peachtree St, NE
Atlanta, AL 30309
Email: rfriedman@kslaw.com

**Walter B. Calton**
Calton & Rutland LLC
PO Box 696
Eufaula, AL 36027-0696
Email: wcalton@bellsouth.net

**Andrew T. Bayman**
King & Spalding LLP
1180 Peachtree St, NE
Atlanta, AL 30309
Email: abayman@kslaw.com

and I hereby certify that I have mailed by United States Postal Service the document to the following non-CM/ECF participants:  None.

s/ Angela R. Rogers
Angela R. Rogers (RAI017/ASB-0853-e60r)
Bradley Arant Rose & White LLP
The Alabama Center for Commerce
401 Adams Avenue, Suite 780
Montgomery, AL 36104
Telephone: (334) 956-7700
Facsimile: (334) 956-7701
E-mail: arogers@bradleyarant.com

4