IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| DAVID FINNEY, an individual, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>TAKATA, a foreign corporation; )<br>TAKATA U.S.A. CORPORATION )<br>d/b/a TAKATA CORPORATION, )<br>a foreign corporation, Et al. )<br>)<br>Defendants. ) | CV NO. 3:06-CV-622-WKW |

## PLAINTIFF'S S REPLY TO DEFENDANT'S OBJECTION TO PLAINITFF'S SECOND RENEWED MOTION FOR LEAVE OF COURT TO PROPOUND 27 WRITTEN INTERROGATORIES WITH SUBPARTS TO DEFENDANTS

**COMES NOW** Plaintiff David Finney, by and through his counsel of record in the above-styled case and respectfully files this Reply to Defendant Takata's Objection to Plaintiff's Second Renewed Motion for Leave of Court to Propound 27 Written Interrogatories (hereinafter referred to as "Takata's Objection"). As grounds for said Reply, Plaintiff states as follows:

1. In its Objection, Defendant Takata incorrectly states that "Plaintiff *agreed* to be limited to twenty-five interrogatories." (Please see Takata's Objection, paragraph number one, emphasis added).

2. On the contrary, Plaintiff only agreed that "[d]iscovery under F.R.C.P. 33 governing Interrogatories to Parties shall be conducted in accordance with the Federal Rules of Civil Procedure." (Please see Report of Parties Planning Meeting, attached as Exhibit "A").

3. Accordingly, as permitted by the Federal Rules of Civil Procedure, per Rule 33(a), ". . . [l]eave to serve additional interrogatories *shall* be granted to the extent consistent with the principles of Rule 26(b)(2)." (Please see F.R.C.P. 33(a), emphasis added).

4. Consistent with the principles of Federal Rule 26(b)(2), the discovery requested by the plaintiff in the instant case is neither "unreasonably cumulative or duplicative" nor is it "obtainable from some other source that is more convenient, less burdensome, or less expensive." Further, the Plaintiff has not had "ample opportunity by discovery in the action to obtain the information sought" because this is the Plaintiff's first interrogatories to Defendant Takata, et al. Lastly, "the burden or expense of the proposed discovery" does not "outweigh its likely benefit..." (Please see F.R.C.P. 26 (b)(2)).

5. Consequently, despite Counsel for Defendant Takata's mischaracterization of the parties' Report of Planning Meeting and correlating discovery agreement, the Plaintiff's request is well within the perimeters allowed by the Federal Rules of Civil Procedure and should be granted accordingly.

K. Stephen Jackson   (JAC 034)
Joseph L. "Josh" Tucker   (TUC 033)
Joel L. DiLorenzo (DIL018)
*Attorneys for Plaintiff*

2

**OF COUNSEL:**

**JACKSON & TUCKER, P.C.**
Black Diamond Building
2229 First Avenue North
Birmingham, Alabama 35203
Telephone: (205) 252-3535
Facsimile: (205) 252-3536


Walter B. Calton, Esq.
312 East Broad Street
Eufaula, AL 36027


## CERTIFICATE OF SERVICE

I herby certify that a true and correct copy of the above was served upon the following via regular United States Mail, postage prepaid and properly addressed on this 3rd day of January, 2007.

Charles A. Stewart, III, Esq.
Angela R. Rogers, Esq.
Bradley, Arant, Rose & White, LLP
Attorneys for Defendant Takata

Robert C. Khayat, Jr., Esq.
King & Spalding, LLP
Attorney for Defendant Nissan North America


_____
Attorney for Plaintiff