IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | | |
|---|---|---|
| DAVID FINNEY, an individual,, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| NISSAN NORTH AMERICA, INC., a | ) | |
| foreign corporation; TAKATA U.S.A. | ) | |
| CORPORATION d/b/a TAKATA | ) | |
| CORPORATION, a foreign corporation; | ) | CIVIL ACTION NUMBER: 3:06-cv-622 |
| TAKATA SEAT BELTS INC., a foreign | ) | |
| corporation; TAKATA RESTRAINT | ) | |
| SYSTEMS INC., a foreign corporation; | ) | |
| TAKATA NORTH AMERICAN INC., a | ) | |
| foreign corporation; and TAKATA INC.; a | ) | |
| foreign corporation, and TAKATA | ) | |
| CORPORATION; a foreign corporation | ) | |
| | ) | |
| Defendants. | | |

## ANSWER TO FIRST AMENDED COMPLAINT

Defendant **Takata Corporation,** ("Defendant") files its answer to the Plaintiff's First

Amended Complaint as follows:

### First Defense

1.      Takata Corporation is without knowledge or information sufficient to form a

belief as to the truth of the allegations contained in Paragraph 1.

2.      Takata Corporation is without knowledge or information sufficient to form a

belief as to the truth of the allegations contained in Paragraph 2.

3.      Paragraph 3 of Plaintiff's Amended Complaint does not apply to Takata

Corporation and, therefore, no response is required.  To the extent a response is required, Takata

Corporation denies the allegations of Paragraph 3 to the extent those allegations can be construed to be alleged against Takata Corporation and demands strict proof thereof.

4.      Paragraph 4 of Plaintiff's Amended Complaint does not apply to Takata Corporation and, therefore, no response is required.  To the extent a response is required, Takata Corporation denies the allegations of Paragraph 4 to the extent those allegations can be construed to be alleged against Takata Corporation and demands strict proof thereof.

5.      Paragraph 5 of Plaintiff's Amended Complaint does not apply to Takata Corporation and, therefore, no response is required.  To the extent a response is required, Takata Corporation denies the allegations of Paragraph 5 to the extent those allegations can be construed to be alleged against Takata Corporation and demands strict proof thereof.

6.      Paragraph 6 of Plaintiff's Amended Complaint does not apply to Takata Corporation and, therefore, no response is required.  To the extent a response is required, Takata Corporation denies the allegations of Paragraph 6 to the extent those allegations can be construed to be alleged against Takata Corporation and demands strict proof thereof.

7.      Paragraph 7 of Plaintiff's Amended Complaint does not apply to Takata Corporation and, therefore, no response is required.  To the extent a response is required, Takata Corporation denies the allegations of Paragraph 7 to the extent those allegations can be construed to be alleged against Takata Corporation and demands strict proof thereof.

8.      Takata Corporation admits that it is headquartered in Tokyo, Japan.  As phrased, the remaining allegations set forth in Paragraph 8 are denied and Takata Corporation demands strict proof thereof.

9.      As phrased, Takata Corporation denies the allegations set forth in Paragraph 9 and demands strict proof thereof.

10.     As phrased, Takata Corporation denies the allegations set forth in Paragraph 10 and demands strict proof thereof.

11.     The allegations of Paragraph 11 are in the form of a definition, rather than an allegation, to which no response is required.  To the extent a response is required, Takata Corporation denies the allegations if Paragraph 11 to the extent those allegations can be construed to be alleged against Takata Corporation, and demands strict proof thereof.

12.     As phrased, Takata Corporation denies the allegations set forth in Paragraph 12 and demands strict proof thereof.

13.     Upon information and belief, Takata Corporation admits that the accident made the basis of this lawsuit occurred in the state of Alabama within this judicial district, and further admits that venue is proper in this court.  To the extent that Paragraph 13 alleges other or further allegations, Takata Corporation denies those additional allegations and demands strict proof thereof.

14.     Takata Corporation admits that there is complete diversity of citizenship between the parties and that Plaintiff alleges that jurisdiction is based upon 28 U.S.C. §1332.  Takata Corporation further admits that Plaintiff seeks damages in excess of $75,000 exclusive of interests and costs.

15.     Takata Corporation admits that this court has jurisdiction over Takata Corporation.  To the extent that further or other allegations exist in Paragraph 15, Takata Corporation denies those additional allegations and demands strict proof.

16.     The allegations of Paragraph 16 are in the form of a legal conclusion, to which no response is required.

17.     Takata Corporation incorporates by reference, as if set forth fully verbatim herein, its answers and defenses to all preceding paragraphs of Plaintiff's Amended Complaint.

18.     Takata Corporation admits that it designed (in part), manufactured (in part), and distributed restraint systems which were incorporated into 1992 Nissan Sentra automobiles.  To the extent Paragraph 18 makes other or further allegations against Takata Corporation, then, as phrased, Takata Corporation denies those additional allegations and demands strict proof thereof.

19.     Takata Corporation admits that it designed (in part), manufactured (in part), and distributed restraint systems which were incorporated into 1992 Nissan Sentra automobiles. To the extent Paragraph 19 makes other or further allegations against Takata Corporation, then, as phrased, Takata Corporation denies those additional allegations and demands strict proof thereof.

20.     As phrased, Takata Corporation denies the allegations contained in Paragraph 20 and demands strict proof thereof.

21.     As phrased, Takata Corporation denies the allegations contained in Paragraph 21 and demands strict proof thereof.

22.     Paragraph 22 of Plaintiff's Amended Complaint does not apply to Takata Corporation and, therefore, no response is required.  To the extent a response is required, Takata Corporation is without sufficient information to form a belief as to the truth of the allegations of Paragraph 22 and therefore denies those allegations and demands strict proof thereof.

23.     Takata Corporation admits that it designed (in part), manufactured (in part), and distributed restraint systems which were incorporated into 1992 Nissan Sentra automobiles.  To the extent Paragraph 23 makes other or further allegations against Takata Corporation, then, as phrased, Takata Corporation denies those additional allegations and demands strict proof thereof.

24.     As phrased, Takata Corporation denies the allegations contained in Paragraph 24 of Plaintiff's Amended Complaint.

25.     Takata Corporation admits that it designed (in part), manufactured (in part), and distributed restraint systems which were incorporated into 1992 Nissan Sentra automobiles.  To the extent Paragraph 25 makes other or further allegations against Takata Corporation, then, as phrased, Takata Corporation denies those additional allegations and demands strict proof thereof.

26.     Takata Corporation is without sufficient information to form a belief as to the truth of the allegations of Paragraph 26 and therefore denies those allegations and demands strict proof thereof.

27.     Takata Corporation denies the allegations contained in Paragraph 27 of Plaintiff's Amended Complaint.

28.     Takata Corporation denies the allegations contained in Paragraph 28 of Plaintiff's Amended Complaint.

29.     Takata Corporation incorporates by reference, as if set forth fully verbatim herein, its answers and defenses to all preceding paragraphs of Plaintiff's Amended Complaint.

30.     Takata Corporation denies the allegations contained in Paragraph 30 of Plaintiff's Amended Complaint.

31.     Paragraph 31 of Plaintiff's Amended Complaint does not apply to Takata Corporation and, therefore, no response is required.  To the extent a response is required, Takata Corporation is without sufficient information to form a belief as to the truth of the allegations of Paragraph 31.

32.     Takata Corporation denies the allegations contained in Paragraph 32 of Plaintiff's Amended Complaint.

33.     Takata Corporation denies the allegations contained in Paragraph 33 of Plaintiff's Amended Complaint.

34.     Takata Corporation denies the allegations set forth in Paragraph 34, and its subparts, and demand strict proof thereof.

35.     Takata Corporation denies the allegations contained in Paragraph 35 of Plaintiff's Amended Complaint.

36.     Takata Corporation denies the allegations set forth in Paragraph 36, and its subparts, and demand strict proof thereof.

37.     Takata Corporation denies the allegations contained in Paragraph 37 of Plaintiff's Amended Complaint.

38.     Takata Corporation denies the allegations contained in Paragraph 38 of Plaintiff's Amended Complaint.

39.     Takata Corporation denies the allegations contained in Paragraph 39 of Plaintiff's Amended Complaint.

40.     Takata Corporation denies the allegations contained in Paragraph 40 of Plaintiff's Amended Complaint.

41.     Takata Corporation denies the allegations contained in Paragraph 41 of Plaintiff's Amended Complaint.

42.     Takata Corporation denies the allegations set forth in Paragraph 42, and its subparts, and demand strict proof thereof.

43.     Takata Corporation incorporates by reference, as if set forth fully verbatim herein, its answers and defenses to all preceding paragraphs of Plaintiff's Amended Complaint.

44.     Takata Corporation denies the allegations contained in Paragraph 44 of Plaintiff's Amended Complaint.

45.     Takata Corporation denies the allegations contained in Paragraph 45 of Plaintiff's Amended Complaint.

46.     Takata Corporation denies the allegations contained in Paragraph 46 of Plaintiff's Amended Complaint.

47.     Takata Corporation denies the allegations contained in Paragraph 47 of Plaintiff's Amended Complaint.

48.     Takata Corporation denies the allegations contained in Paragraph 48 of Plaintiff's Amended Complaint.

49.     Takata Corporation denies the allegations contained in Paragraph 49 of Plaintiff's Amended Complaint.

50.     Takata Corporation denies the allegations contained in Paragraph 50 of Plaintiff's Amended Complaint.

51.     Takata Corporation denies the allegations contained in Paragraph 51 of Plaintiff's Amended Complaint.

52.     Takata Corporation denies the allegations set forth in Paragraph 52, and its subparts, and demand strict proof thereof.

53.     Takata Corporation incorporates by reference, as if set forth fully verbatim herein, its answers and defenses to all preceding paragraphs of Plaintiff's Amended Complaint.

54.     Takata Corporation denies the allegations contained in Paragraph 54 of Plaintiff's Amended Complaint.

55.     Takata Corporation denies the allegations contained in Paragraph 55 of Plaintiff's Amended Complaint.

56.     Takata Corporation denies the allegations contained in Paragraph 56 of Plaintiff's Amended Complaint.

57.     Takata Corporation denies the allegations contained in Paragraph 57 of Plaintiff's Amended Complaint.

58.     Takata Corporation denies the allegations contained in Paragraph 58 of Plaintiff's Amended Complaint.

59.     Takata Corporation denies the allegations set forth in Paragraph 59, and its subparts, and demand strict proof thereof.

60.     Takata Corporation incorporates by reference, as if set forth fully verbatim herein, its answers and defenses to all preceding paragraphs of Plaintiff's Amended Complaint.

61.     Takata Corporation denies the allegations contained in Paragraph 61 of Plaintiff's Amended Complaint.

62.     Takata Corporation denies the allegations contained in Paragraph 62 of Plaintiff's Amended Complaint.

63.     Takata Corporation denies the allegations set forth in Paragraph 63, and its subparts, and demand strict proof thereof.

64.     Takata Corporation denies the allegations contained in Paragraph 64 of Plaintiff's Amended Complaint.

65.     Takata Corporation denies the allegations set forth in Paragraph 65, and its subparts, and demand strict proof thereof.

66.     Takata Corporation incorporates by reference, as if set forth fully verbatim herein, its answers and defenses to all preceding paragraphs of Plaintiff's Amended Complaint.

67.     Takata Corporation denies the allegations contained in Paragraph 67 of Plaintiff's Amended Complaint.

68.     Takata Corporation denies the allegations contained in Paragraph 68 of Plaintiff's Amended Complaint.

69.     Takata Corporation denies the allegations set forth in Paragraph 69, and its subparts, and demand strict proof thereof.

70.     Takata Corporation denies the allegations contained in Paragraph 70 of Plaintiff's Amended Complaint.

71.     Takata Corporation denies the allegations set forth in Paragraph 71, and its subparts, and demand strict proof thereof.

The unnumbered, WHEREFORE paragraphs in the First Amended Complaint do not require a response by these Defendants; however, to the extent responses are deemed required, these Defendants deny the material allegations of same and demand strict proof thereof.

### Second Defense

Plaintiff's Amended Complaint, in whole or in part, fails to state a claim against Takata Corporation upon which relief may be granted.

### Third Defense

Takata Corporation states that it is not guilty of the things and matters alleged in Plaintiff's Amended Complaint.

### Fourth Defense

Takata Corporation pleads the general issue.

### Fifth Defense

Takata Corporation states that the sole proximate cause of the injuries and damages alleged in Plaintiff's Amended Complaint may have been the actions, nonactions, or negligence of a person or persons other than Takata Corporation for whose actions, nonactions, or negligence Takata Corporation is in no way liable. Plaintiff is therefore not entitled to recover from Takata Corporation in this action.

### Sixth Defense

Takata Corporation states that the sole proximate cause of the injuries and damages alleged in Plaintiff's Amended Complaint may have been the combination of actions, nonactions, or negligence of a person or persons other than Takata Corporation for whose actions, nonactions, or negligence Takata Corporation is in no way liable. Plaintiff is therefore not entitled to recover from Takata Corporation in this action.

### Seventh Defense

Takata Corporation states that the injuries and damages alleged in Plaintiff's Amended Complaint may have been caused by an intervening, superseding action for which Takata Corporation is in no way liable. Plaintiff is therefore not entitled to recover from Takata Corporation in this action.

### Eighth Defense

Takata Corporation states that the proximate cause of the injuries and damages alleged in Plaintiff's Complaint may have been the misuse and/or abuse of the product for which Takata Corporation is not responsible. Plaintiff is therefore not entitled to recover from Takata Corporation in this action.

### Ninth Defense

Takata Corporation states that Plaintiff may have assumed the risks of the injuries and damages alleged in the Amended Complaint.  Plaintiff is therefore not entitled to recover from Takata Corporation in this action.

### Tenth Defense

Takata Corporation states that Plaintiff may have failed to exercise ordinary care for his own safety.  Plaintiff is therefore not entitled to recover from Takata Corporation in this action.

### Eleventh Defense

Takata Corporation denies that any conduct on its part was negligent or wanton.

### Twelfth Defense

Takata Corporation denies that it breached any express or implied warranty.

### Thirteenth Defense

Plaintiff's claims for breach of warranty are barred because Plaintiff failed to give Takata Corporation proper or timely notice of any alleged breach of warranty or nonconforming condition, and Takata Corporation had, thus, no opportunity to cure any alleged defect.

### Fourteenth Defense

Takata Corporation denies that the product allegedly designed, manufactured, and/or distributed by it was defective or unreasonably dangerous on the occasion giving rise to Plaintiff's Complaint.

### Fifteenth Defense

The Alabama Extended Manufacturer's Liability Doctrine, which in effect is the doctrine of strict liability, that Plaintiff's product liability claim implicates in this case is constitutionally void in that:

(a)    It operates to create a conclusive presumption that is arbitrary and operates to deny a fair opportunity on the part of the manufacturer and/or seller to rebut such conclusive presumption and acts to substitute judicial fiat in place of fact in judicial determination of an issue involving property of Takata Corporation with the result that:

    i.    It deprives Takata Corporation, separately and severally, of property without due process of law to the Fifth and Fourteenth Amendments to the Constitution of the United states and specifically to those portions of the Constitution proscribing any state from depriving a person of property without due process of law; and

    ii.    Separately, it deprives Takata Corporation of property without due process of law contrary to Article I, § 6, of the Constitution of the State of Alabama and specifically to said provision of the Constitution of the State of Alabama providing that no person shall be deprived of property except by due process of law, with the result that Plaintiff are not entitled to recover in this case against Takata Corporation.

(b)    It denies Takata Corporation the equal protection of the law contrary to the Fourteenth Amendment of the Constitution of the United States and specifically contrary to that portion of the Fourteenth Amendment proscribing any state from denying "to any person within its jurisdiction equal protection of the laws" in that it discriminates against the manufacturer and seller in favor of other potential defendants in this litigation for the reason that it imposes a higher duty upon the manufacturer and seller than was or is imposed upon other persons who are defendants under circumstances where the imposition of a higher duty upon the manufacturer and/or seller would amount to an unreasonable classification, and hence Plaintiff are not entitled to recover against Takata Corporation.

(c)    The attempted imposition of strict liability in this case against Takata Corporation operates to deny Takata Corporation equal protection of the law contrary to the provisions of the Constitution of the State of Alabama that require the state to afford all persons equal protection of the law with the result that Plaintiff are not entitled to recover against Takata Corporation in this case.

## Sixteenth Defense

The product at issue was not defective within the meaning of the Alabama Extended Manufacturer's Liability Doctrine because of the following:

(a)    It had been altered or modified prior to the accident and was not in substantially the same condition at that time as when it left the possession and control of Takata Corporation.

(b)     The product was not unreasonably dangerous.

(c)     The product was not unreasonably dangerous because it was not more dangerous than the ordinary user would have contemplated.

(d)     The manufacture and design of the product was well in keeping with the state of the art at the time of the manufacture of the product.

(e)     There was no reasonable alternative design for the product.

## Seventeenth Defense

Takata Corporation contends that the AEMLD is constitutionally void as to them and as applied to acts and circumstances in this case in that:

(a)     It operates to create an arbitrary and capricious method and manner for the jury's assessment in determination of damages, without regard for the quality and quantity of culpability of other potential defendants joined in this one action.

(b)     It operates to deny Takata Corporation a fair opportunity to have the jury assess damages based on their alleged culpability for negligence, which cannot be segregated from allegations of negligence against other defendants joined in this action.

(c)     In failing to provide for joint contribution and an apportionment of damages among defendants, it deprives Takata Corporation of property without due process of law contrary to the Fifth and Fourteenth Amendments to the Constitution of the United States and specifically to those portions thereof proscribing any state from depriving any person of property without due process of law.

(d)     In failing to provide for joint contribution and an appointment of damages among defendants, it deprives Takata Corporation of  property without due process of law contrary to Article I, § 6 of the Constitution of the State of Alabama, which provides, insofar as in germane, that no person shall be deprived of property except by due process of law.

## Eighteenth Defense

The claims alleged against Takata Corporation in the Complaint are barred by the Commerce Clause of the United States Constitution because they would, if allowed, impose an undue burden on interstate commerce.

## Nineteenth Defense

Takata Corporation avers that Plaintiff has failed to state a claim upon which punitive damages may be awarded.

## Twentieth Defense

Plaintiff's Complaint fails to state a claim upon which costs may be awarded.

## Twenty-First Defense

Takata Corporation pleads lack of causal relation.

## Twenty-Second Defense

The restraint system at issue in this case is in conformity with applicable safety statutes and regulations, including Federal Motor Vehicle Safety Standards, at the time of manufacture.

## Twenty-Third Defense

Takata Corporation pleads that some or all of Plaintiff's claims may be preempted.

## Twenty-Fourth Defense

Takata Corporation pleads the defense of open and obvious.

## Twenty-Fifth Defense

With respect to punitive damages, Takata Corporation asserts:

(a)     Takata Corporation denies it is guilty of conduct referable to which punitive damages could or should be awarded, and denies that Plaintiff has produced clear and convincing evidence sufficient to support or sustain the imposition of punitive damages against Takata Corporation.

(b)     Plaintiff cannot recover punitive damages against Takata Corporation because such an award, which is penal in nature, would violate Takata Corporation's constitutional rights protected under the Alabama Constitution of 1901, as amended, and the Constitution of the United States unless Takata Corporation is afforded the same procedural safeguards as are criminal defendants, including, but not limited, the right to avoid self-incrimination, the right to forego production and disclosure of any incriminating documents, and the right to the requirement of a level of proof beyond a reasonable doubt.

(c)     Subjecting Takata Corporation to punitive damages, or affirming an award of punitive damages against Takata Corporation in this case, would amount to and constitute a denial of due process as afforded by the Due Process Clause of the Fourteenth Amendment to the United States Constitution, and by the Due Process Clause of the Article I, Section 13, of the Alabama Constitution, as separation of property without due process of law, or standards or criteria of due process of law, based upon the following grounds and circumstances, separately and severally assigned:

(i)     Any award of punitive damages against Takata Corporation under the evidence in this case would necessarily be based upon an evidentiary standard less than a standard of proof of beyond reasonable doubt;

(ii)    There is a lack of reasonable standards necessary to instruct the jury on the propriety and amount of any punitive damages award, and such an award is subject to no predetermined limits;

(iii)   Any punitive damages award would not be subject to post-trial or appellate view on the basis of suitable and sufficient objective standards and criteria;

(iv)    The power and authority imposed upon the jury under Alabama law as to the amount of punitive damages is so relatively unfettered that there is lacking any reasonable or logical standard, uniform criteria, or guidance in the assessment of the amount of the award of punitive damages;

(v)     Under Alabama law and procedure, there is no objective, logical, or rational relationship between the award, or the amount of the award, of punitive damages and Takata Corporation's alleged wrongful or culpable conduct;

(vi)    Under Alabama law and procedure, there is no objective, logical, or rational relationship between the award, or the amount of the award, of punitive damages and the interests or goals of the State of Alabama referable to the imposition or allowance of punitive damages;

(vii)   Under Alabama law and procedure, there is no objective or rational criteria for the amount of the award of punitive damages as relates or compares to the assessment of compensatory damages, or the amount of compensatory damages;

(viii)  In the event that a single verdict be mandated against all defendants herein for an award of punitive damages in this case, such a single verdict would be imposed regardless of the degree of culpability of a particular defendant, and such a non-apportionment rule could result in a joint and several verdict against all defendants whereby punitive damages could be

assessed against one defendant based in part upon culpability of another defendant, and such a joint verdict the single amount could be enforced against a defendant for any portion of that judgment regardless of defendants culpability or relative culpability;

(ix)     Should the Court require the award of punitive damages in a single, joint, and several verdict of one amount, an adoption of this non-apportionment rule would be contrary to the objective of punishing specific misconduct, and would be contrary to the objective of assessing punitive damages according to culpability of conduct;

(x)      Where joint and several punitive damages award is mandated to be in a single amount against each defendant, such a rule additionally violates a defendant's right to trial by jury as the jury would be prohibited from apportioning damages against the defendants according to the degree of culpability of the conduct of the respective defendants;

(xi)     An award of punitive damages should not be permitted to be assessed against defendant for unauthorized acts of an agent or agents without any additional requirement of knowledge or fault on the part of the defendants;

(xii)    An award of punitive damages should not be permitted to be assessed against Takata Corporation vicariously as a principle without any further proof of independent, wrongful conduct, or ratification by Takata Corporation;

(xiii)   Alabama procedures, pursuant to which amounts of punitive damages are awarded, permit the imposition of different penalties for the same or similar acts;

(xiv)    Under Alabama law and procedures governing the award in assessment of punitive damages there is no objective, logical, or reasonable standard or criteria which governs the award or the amount of the award of punitive damages;

(xv)     The procedures pursuant to which punitive damages are awarded fail to provide a reasonable limit on the amount of the award against Takata Corporation;

(xvi)    The procedures pursuant to which punitive damages are awarded are unconstitutionally vague;

(xvii)   The procedures pursuant to which punitive damages are awarded fail to provide a clear post-trial or appellate standard of review on an award of punitive damages;

(xviii)   The procedures pursuant to which punitive damages are awarded may permit admission of evidence relative to punitive damages in the same proceedings during which liability and compensatory damages are determined; and

(xix)   An award of punitive damages would constitute an arbitrary and capricious taking of property of Takata Corporation without due process of law.

(d)   Plaintiff is not entitled to punitive damages from Takata Corporation pursuant to the facts as alleged in Plaintiff's Amended Complaint.

(e)   The claim of Plaintiff for punitive damages against Takata Corporation is barred by the Fourteenth Amendment to the United States Constitution and by the Alabama Constitution.

(f)   Imposition of punitive damages in this case against Takata Corporation would contravene the commerce clause of the United States Constitution in that such an award would constitute, if imposed, an undue and unreasonable burden on interstate commerce.

(g)   To award punitive damages against Takata Corporation in this case would have a chilling affect upon Takata Corporation's rights to open access to the courts of this State in violation of the United States Constitution and the Alabama Constitution, separately and severally.

(h)   Imposition of punitive damages in this case would violate the Excessive Fines Clause of the Eighth Amendment to the United States Constitution and Article I, Section 15, of the Alabama Constitution.

(i)   To award punitive damages against Takata Corporation in this case would violate the Contracts Clause of Article I, Section 10, of the United States Constitution, as an award of punitive damages would impair contractual obligations.

(j)   Based upon Alabama procedures relative punitive damages, which provide no objective, logical, or reasonable standards or criteria to govern the award, in the amount of the award of punitive damages, Takata Corporation is denied equal protection of the laws as guaranteed by the Fourteenth Amendment of the United States Constitution and Article I, §§ 1, 6, and 22, of the Alabama Constitution, separately and severally.

(k)   Plaintiff's claim for punitive damages violates the rights of Takata Corporation to due process of law and equal protection of the law as guaranteed by the United States Constitution and the Alabama Constitution in that the procedure for post-trial review of punitive damages as set forth in *Hammond v. City of Gadsden* and

*Green Oil Company v. Hornsby* is unconstitutionally vague and inadequate in the following respects:

(i)      The *Hammond* and *Green Oil* procedure provides no clearly defined standard for courts to apply in reviewing punitive damages;

(ii)     The *Hammond* and *Green Oil* procedure provides inadequate review as to the need to deter, whether deterrence has been accomplished, and whether punishment is appropriate for Takata Corporation;

(iii)    The *Hammond* and *Green Oil* procedure provides inadequate review and a vague standard regarding the relationship of the punitive damages award to the harm;

(iv)    The *Hammond* and *Green Oil* procedure does not address, nor does it cure the lack of guidelines to be given to the jury in the assessment of punitive damages;

(v)     The *Hammond* and *Green Oil* procedure is inadequate in that the trial court "may" take certain factors into account and these procedures lack predictable and objective standards of review, allow for inconsistent application of the factors, and allow for unpredictable and inconsistent results; and

(vi)    The *Hammond* and *Green Oil* procedure fails to provide definite and meaningful constraints on the jury's discretion in awarding punitive damages.

(l)     Plaintiff's Amended Complaint seeks to make Takata Corporation liable for punitive damages. Takata Corporation adopts by references the defenses, criteria, limitations, and standards mandated by the Supreme Court of the United States in *BMW of North America, Inc. v. Gore*, 517 U.S. 559, 116 S. Ct. 1589 (1996), *Cooper Industries, Inc. v. Leatherman Tool Group, Inc.*, 532 U.S. 424, 121 S. Ct. 1678 (2001), and *State Farm Mutual Automobile Insurance Company v. Campbell*, 538 U.S. 408, 123 S. Ct. 1513, 155 L. Ed. 2d 585 (2003).

(m)    The demand for punitive damages in the instant case is subject to those limitations established by the Alabama Legislature and set forth in Section 6-11-21, Code of Alabama.

(n)    If multiple punitive damages awards were assessed against Takata Corporation in different jurisdictions, or in the same jurisdiction, it would violate the Constitutions of the United States and of the State of Alabama, violating Takata Corporation's rights to due process and to a jury trial and violating Takata Corporation's right against double jeopardy.

(o)     If punitive damages were assessed against Takata Corporation for conduct or events allegedly occurring in states other than in the forum state, Takata Corporation would be denied due process of law, the right to trial by jury, and the right against double jeopardy under the Constitutions of the United States and the State of Alabama.

(p)     The imposition of punitive damages sought by Plaintiff violates Takata Corporation's rights to due process and equal protection of the laws under the Fourteenth Amendment of the United States Constitution and the prohibition against excessive fines under the Eighth Amendment to the United States Constitution in that:

(i)     Alabama law and the Alabama punitive damages scheme, both facially and as applied in this case, provide no constitutionally adequate or meaningful standards to guide a jury or the court in determining whether, and if so, in what amount, to award punitive damages; there is no sufficiently clear definition of the conduct or mental state that makes punitive damages permissible, and no sufficient clear standard for determining the appropriate size of such an award. Alabama law and the Alabama punitive damages scheme leave the determination of whether to award and, if so, the amount of punitive damages to the arbitrary discretion of the finder of fact without providing adequate or meaningful guidelines for, or limits to, the exercise of that discretion.

(ii)    Takata Corporation had no notice or means of ascertaining whether, or if so in what amount, it might be subject to a penalty for the conduct alleged by Plaintiff in this case. That lack of notice was compounded by the absence of any adequate or meaningful standards as to the kind of conduct that might subject Takata Corporation to punitive damages or as to the potential amount of such an award.

(iii)   Under Alabama and the Alabama punitive damages scheme, the jury is not instructed on the limits of punitive damages imposed by the purposes for which such damages are assessed.

(iv)    Under Alabama law and the Alabama punitive damages scheme, the jury is not expressly prohibited from awarding punitive damages, in whole or in part, on the basis of unduly discriminatory characteristics, including the corporate status of the defendant.

(v)     No provision of Alabama law or the Alabama punitive damages scheme provides adequate procedural safeguards consistent with the criteria set forth in *State Farm Mutual Automobile Insurance v. Campbell, BMW of North America, Inc. v. Gore, Pacific Mutual Life Insurance Company v. Haslip*, and *Matthews v. Eldridge*, exist for the imposition of a punitive damages award.

(vi)    Alabama law and the Alabama punitive damages scheme do not provide for adequate post-trial review of punitive damages awards or the amount thereof and do not provide objective standards for such review.

(vii)    Under Alabama law and the Alabama punitive damages scheme, there is no limit to the number of times Takata Corporation could be held accountable for punitive damages based on the same alleged conduct as that alleged in this case.

(q)    Another effect of Alabama's punitive damages scheme is to impose punitive damages in an arbitrary, capricious, and discriminatory manner. The lack of adequate guidelines or review inevitably leads to variations in result without any rational basis for differentiation, and without serving any legitimate governmental purpose or interest. As a result, the constitutional mandates for equal protection of the laws as provided under the Fourteenth Amendment to the United States Constitution are violated.

(r)    Insofar as the punitive damages awards sought by Plaintiff seeks to impose punitive damages under Alabama law for conduct in other states, the award violates:

(i)    Takata Corporation's rights to due process and due course of law under the Fourteenth Amendment to the United States Constitution and the guarantees of due process of law provided under the Alabama Constitution of 1901;

(ii)    The dormant or negative commerce clause derived from Article I, Section 8, Clause 3 of the United States Constitution;

(iii)    The full faith and credit clause of Article IV, Section 1 of the United States Constitution;

(iv)    The requirement of the United States Constitution that a state respect the autonomy of other states within their spheres; and

The prohibition against excessive fines in the United States Constitution

## Twenty-Sixth Defense

Takata Corporation has not had an opportunity to conduct a sufficient investigation or to engage in adequate discovery touching on the circumstances of the Plaintiffs' allegations. Takata Corporation intends to act as best it can to inform itself as to the pertinent facts and

prevailing circumstances surrounding any reported injury or damage to the Plaintiff as alleged in the Complaint and hereby gives notice of its intent to assert any further affirmative defenses that its information-gathering process may indicate is supported by fact and law, including but not limited to, a defense that the action is barred in whole or in part by any applicable statute, contract, release, covenant, the doctrine of laches, the Plaintiff's assumption of risk, the negligence of the operator of the product at issue in failing to keep a reasonable and proper lookout and in otherwise failing to exercise due care.  Takata Corporation thus reserves the right to amend this Answer to assert any such defenses.

WHEREFORE having fully answered Plaintiff's Amended Complaint, Takata Corporation prays that Plaintiff's Amended Complaint be dismissed; that judgment be rendered in favor of Takata Corporation; that Plaintiff recover nothing in this action from Takata Corporation; and that Takata Corporation have such other and further relief as this Court deems just and proper.

s/ Charles A. Stewart III
Charles A. Stewart III (ASB-4955-a56c)
**Bradley Arant Rose & White LLP**
The Alabama Center for Commerce
401 Adams Avenue, Suite 780
Montgomery, AL 36104
Telephone: (334) 956-7700
Facsimile: (334) 956-7701
**Attorneys for Takata Corporation**

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that on February 23, 2007, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

**Joel Lee DiLorenzo**
Jackson and Tucker, PC
Black Diamond Building
2229 First Avenue North
Birmingham, AL 35203
Email: joel@ksjpc.com

**Joseph Luther Tucker**
Jackson and Tucker, P.C.
2229 1st Avenue North
Birmingham, AL 35203
Email: josh@jacksonandtucker.com

**Kenneth S Jackson**
Jackson and Tucker, P.C.

Black Diamond Building
2229 1st Avenue North
Birmingham, AL 35203
Email:
steve@jacksonandtucker.com

**Walter B. Calton**
Calton & Rutland LLC
PO Box 696
Eufaula, AL 36027-0696
Email: wcalton@bellsouth.net

**Robert C Khayat, Jr.**
King & Spalding LLP
1180 Peachtree St, NE
Atlanta, AL 30309
Email: rkhayat@kslaw.com

and I hereby certify that I have mailed by United States Postal Service the document to the following non-CM/ECF participants:

None.

s/ Charles A. Stewart III
Charles A. Stewart III (ASB-4955-a56c)
Bradley Arant Rose & White LLP
The Alabama Center for Commerce
401 Adams Avenue, Suite 780
Montgomery, AL 36104
Telephone: (334) 956-7700
Facsimile: (334) 956-7701
E-mail: cstewart@bradleyarant.com

1/1481053.1