IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| **DAVID FINNEY, an individual,**     ) | |
| ) | |
| Plaintiff,     ) | |
| ) | |
| v.     ) | |
| ) | CV. NO. 3:06-CV-622-WKW |
| ) | |
| **NISSAN NORTH AMERICA, INC.,**     ) | |
| a foreign corporation; **TAKATA U.S.A.**     ) | |
| **CORPORATION d/b/a TAKATA**     ) | |
| **CORPORATION**, a foreign corporation,     ) | |
| Et al.     ) | |
| ) | |
| Defendants.     ) | |

## PROTECTIVE ORDER OF CONFIDENTIALITY

This day came the parties, by counsel, and represented the following:

WHEREAS, plaintiff has propounded or will propose certain discovery requests to NISSAN NORTH AMERICA, INC., ("NNA") and TAKATA CORPORATION ("Takata"), (individually and collectively, "Defendants"), seeking information which Defendants consider to be proprietary, confidential business records and/or trade secrets;

WHEREAS, Defendants have expressed a willingness to provide the proprietary information, confidential business records and/or trade secrets ("confidential documents and information") which would be necessarily disclosed in complying with these requests, provided that the Court enter an appropriate protective order;

IT IS, THEREFORE, ORDERED AND ADJUDGED that the following procedure shall govern the production, use and disposal of the confidential documents and information.

1.     **<u>Designation of Confidential Documents and Information</u>**.  In responding to written discovery, Defendants may designate as confidential any portion of their responses or documents produced that contain trade secrets or other confidential or proprietary research, development, or commercial information or is otherwise considered confidential under applicable law.  Such designation shall be indicated by the document or data file being marked as "confidential" or "produced pursuant to protective order" or in some similar fashion on any document for which Defendants claim protection under this order.  The term "confidential documents and information" as used in this order shall be construed to include the documents and materials so marked, and their content, substance and the information contained in or gleaned from them.  Testimony and other information based upon documents so designated shall be considered confidential and subject to this Order.

Defendants shall apply any stamp of confidentiality to the documents to be produced so as not to obscure any information contained on said documents, preserving the legibility of all such documents in their entirety.

2.     **<u>Access to Confidential Documents and Information By Qualified Persons</u>**.  Confidential documents and information shall be made available only to "qualified persons." The following persons are automatically deemed "qualified persons":

    A.     this Court, courtroom officers of this Court, and the jury;

    B.     Plaintiff's counsel in this action and individuals certified by Plaintiff's counsel as employed by or assisting in preparation for, or at the trial of, this action;

    C.    the officers, directors, employees and counsel of any corporate party to the extent necessary to assist in preparing for discovery, depositions, or for trial, or who are otherwise assisting in this litigation; and

    D.    any expert or consultant who has been retained or specially employed by a party in anticipation of this litigation or for trial of this case and who has signed a written certification in the form set forth as Exhibit A, provided, however, that no confidential documents and information shall be disseminated to any expert or consultant who is an employee of a direct business competitor of the party producing the information; or who is employed by a direct business competitor of the party producing the information and who directly participates in design, manufacturing, marketing, or service activities of direct business competitors.

Counsel of record shall maintain such certifications for his employees, experts and consultants and shall provide copies of the certifications upon demand to counsel for any opposing party, to the extent that providing such copies would not waive the attorney work product doctrine or any attorney-client privilege. Demand to one counsel of record for a party is deemed to be a demand to all counsel of record for a party.

    **3.**    **Jurisdiction over Qualified Persons.** Each qualified person is subject to the jurisdiction of this court for purposes of enforcement of this order. Counsel of record are responsible for ensuring that their employees and any experts they retain comply strictly with this order. Violation by an employee of counsel or by an expert retained by counsel shall be deemed a violation by counsel.

**4.    Challenges to Claims of Confidentiality**.  The burden of proving that a document contains confidential information or is subject to this Protective Order is on Defendants.  If Plaintiff disagrees with Defendants' designation of any item as being confidential and subject to this Protective Order, Plaintiff shall send a written notice to the Defendants specifying the items in question and any grounds for objection.  If an agreement cannot be reached concerning the confidentiality of the item, Plaintiff's counsel will declare an impasse by written notice, and Defendants shall timely proceed to file a motion with the court seeking a determination that the items are in fact subject to the Protective Order.  If no such motion is filed within thirty (30) days of Defendants' receipt of Plaintiff's written notice of impasse, then Defendants' designation of the item or any objections by Defendants to the disclosure of the items shall be deemed waived.  Any such items shall continue to be treated as confidential and subject to this Order until such time as the court rules that it is not or Defendants fail to file a motion within the aforesaid thirty (30) day limit.

Any deposition transcripts and exhibits which refer to such confidential information and which are designated as confidential by Defendants either before or during the course of the deposition or within fourteen (14) days after receipt by Defendants of the transcripts of said depositions shall be bound and labeled as "confidential."

**5.    Compliance with this Order**.  Before any such confidential information, or substance or summary thereof, shall be disclosed to experts or consultants retained by Plaintiffs, Plaintiff's attorneys, or her designees, are hereby ordered to tender a copy of this Order to each such expert, consultant and/or attorney in order that each such entity or person to whom such disclosure of Confidential Information is made shall be on notice and fully informed that the

existence and substance of this Protective Order is, and is intended to be, equally binding upon it, him or her, as well as upon Plaintiff and her counsel. Those experts and consultants shall not give, show or otherwise divulge any of the Confidential Information or any copies, prints, negatives or summaries thereof to any entity or person except as specifically provided for by this Order.

6. **Use of Confidential Documents and Information Generally.** Confidential documents, things, and information may be used solely in connection with this lawsuit. No qualified person who gains access to the confidential documents, things, and information may disclose them or their contents to any other person without the written stipulation of the producing party or by order of this Court.

7. **Retention of Documents after Resolution of This Action.** Plaintiff's counsel shall be required to return documents protected by this Order to Defendants within 60 days of the conclusion of this case.

8. **Use of Documents at Trial**. This Order shall not apply to the disclosure of protected documents or the information contained therein at the time of trial, through the receipt of protected documents into evidence or through the testimony of witnesses. The closure of trial proceedings and sealing of the record of a trial involve considerations not presently before the Court. These issues may be taken up as a separate matter upon the motion of any of the parties at the threshold of the trial.

9. **Defendants' Right to Object to Discovery Requests**. Nothing in this Order shall be deemed a waiver by Defendants of their right to (a) oppose discovery upon grounds other than that the documents and information sought constitute or contain Confidential

Information; or (b) object on any ground to the admission in evidence, at the trial of this action, of any confidential information, other than an objection upon the grounds of inadmissible hearsay because the documents or information are not business records.

10. **Filing and Sealing**. When a party files confidential documents, things and information, including confidential portions of any transcript, he shall file them in sealed envelopes or other appropriately sealed containers on which shall be endorsed with the title of this action and a statement substantially in the following form:

"Filed Under Seal Pursuant to Protective Order."

The envelope or container shall not be opened or released to anyone other than qualified persons without further order of the court. The clerk of the court is hereby directed to maintain such confidential documents and information in a separate portion of the court files not available to the public.

11. **Authenticity**. All documents designated as confidential and produced in this case shall be presumed authenticated as records kept in the ordinary course of business by the producing defendant, except insofar as that defendant specifically states otherwise as to a specific document or documents.

12. **Amendments**. Nothing in this Order will prejudice any party from seeking amendments broadening or restricting the rights of access to and the use of confidential documents or information, or contesting the designation of a confidential document or qualified person.

The clerk is directed to send attested copies of this order to all counsel of record.

This the ____ day of _____, 2007.

_____
HONORABLE WILLIAM KEITH WATKINS
UNITED STATES DISTRICT COURT JUDGE

CONSENTED TO AND AGREED:

| | |
|---|---|
| JACKSON & TUCKER, P.C. | KING & SPALDING LLP |
| | |
| /s/ K. Stephen Jackson | /s/ Andrew T. Bayman |
| K. Stephen Jackson | Andrew T. Bayman *(admitted pro hac vice)* |
| Joseph L. Tucker | Georgia Bar No. 043342 |
| Black Diamond Building | Robert B. Friedman *(admitted pro hac vice)* |
| 22229 First Avenue North | Georgia Bar No. 277711 |
| Birmingham, Alabama 35203 | Robert C. Khayat, Jr. |
| | Alabama Bar No. ASB-9156-T73R |
| -and- | 1180 Peachtree Street |
| | Atlanta, Georgia 30309 |
| Walter B. Calton | |
| Calton & Rutland LLC | Attorneys for Defendant |
| PO Box 696 | NISSAN NORTH AMERICA, INC. |
| Eufaula, AL 36027-0696 | |

Attorneys for Plaintiff DAVID FINNEY


BRADLEY ARANT ROSE & WHITE, LLP

/s/ Charles Andrew Stewart, III
Charles Andrew Stewart, III
PO Box 1469
Montgomery, AL 36102-1469

Attorney for Defendants
TAKATA SEAT BELTS, INC., TAKATA
RESTRAINT SYSTEMS, INC., TAKATA
NORTH AMERICAN, INC., TAKATA, INC.
and TAKATA U.S.A. CORPORATION

# EXHIBIT "A"

STATE OF _____ )
                                          ) SS.
COUNTY OF _____ )

_____, being first duly sworn, states that he or she resides at _____, County of _____, State of _____; that he or she has read and fully understands the attached Stipulated Protective Order entered by the Court in the above-captioned action; that he or she is fully familiar with and agrees to comply with and be bound by the provisions of said Stipulated Protective Order, and submits to the jurisdiction of this Court for any proceedings with respect to said Order; that he or she will not discuss with or divulge to persons other than those specifically authorized by this Stipulated Protective Order, and will not copy or use, except solely for the purposes of this action and for no other purposes, any documents, materials or information obtained pursuant to said Stipulated Protective Order except as expressly permitted by the Court.

                                                                                    _____
                                                                                                                Affiant

Subscribed and sworn to before me
this \_\_\_\_\_ day of _____, 2007.

_____
      Notary Public