IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| DAVID FINNEY, an individual,, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | |
| NISSAN NORTH AMERICA, INC., a ) | |
| foreign corporation; TAKATA U.S.A. ) | |
| CORPORATION d/b/a TAKATA ) | |
| CORPORATION, a foreign corporation; ) | CIVIL ACTION NUMBER: 3:06-cv-622 |
| TAKATA SEAT BELTS INC., a foreign ) | |
| corporation; TAKATA RESTRAINT ) | |
| SYSTEMS INC., a foreign corporation; ) | |
| TAKATA NORTH AMERICAN INC., a ) | |
| foreign corporation; and TAKATA INC.; a ) | |
| foreign corporation, and TAKATA ) | |
| CORPORATION; a foreign corporation ) | |
| ) | |
| Defendants. | |

## AMENDED ANSWER TO AMENDED COMPLAINT

**Takata Corporation,** ("Defendant"), hereby amends its previous Answer by incorporating by reference, herein, its entire original Answer, and by adding the following defenses:

### Twenty-Seventh Defense

Any award of punitive damages to Plaintiff in this case is prohibited by the Due Process Clause of the Fourteenth Amendment until Defendant has first been provided with "an opportunity to present every available defense." *Phillip Morris v. Williams,* 127 S.Ct. 1057, 1063 (2007).

1

### Twenty-Eighth Defense

Any claim for punitive damages, on its face and/or as applied in this case, is an unconstitutional taking of property from Defendant without due process, to the extent that Plaintiff seeks to punish Defendant for an injury inflicted upon nonparties to this litigation (e.g. victims whom the Plaintiff does not represent).  "[T]he Constitution's Due Process Clause forbids a State to use a punitive damages award to punish a defendant for injury that it inflicts upon nonparties…, i.e., injury that it inflicts upon those who are, essentially, strangers to the litigation." *Phillip Morris v. Williams,* 127 S.Ct. 1057, 1063 (2007).  The Due Process Clause prohibits punishment of a defendant based on an injury to a nonparty because "a defendant threatened with punishment for such injury has no opportunity to defend against the charge." *Id.*

### Twenty-Ninth Defense

Any claim for punitive damages, on its face and/or as applied in this case, is improper because the State lacks proper standards to "cabin the jury's discretionary authority."  Thus, the punitive damage system in place in the State deprives Defendant of "fair notice…of the severity of the penalty that [could be] impose[d]," and subjects Defendant to an "arbitrary punishment" that did not reflect an "application of law" but rather "a decisionmaker's caprice."  *Phillip Morris v. Williams,* 127 S.Ct. 1057, 1062 (2007) (citations omitted).

### Thirtieth Defense

Any claim for punitive damages, on its face and/or as applied in this case, is improper because the State's law does not provide the appropriate standards for the imposition of punitive damages.  Thus, the State's procedure for awarding punitive damages unnecessarily deprives juries of proper legal guidance and subjects Defendant to arbitrariness and inadequate notice. "[G]iven the risks of arbitrariness, inadequate notice, and imposing one State's policies on other

States, it is particularly important that States avoid procedure that unnecessarily deprives juries of proper legal guidance." *Phillip Morris v. Williams,* 127 S.Ct. 1057, 1059 (2007) (citations omitted).

### Thirty-First Defense

Plaintiff's claims for punitive damages against the Defendants cannot be sustained, because an award of punitive damages based on anything other than Defendant's conduct toward actual parties imposes "one State's (or one jury's) "policy choice" upon "neighboring states" with different public policies," in violation of the Due Process Clause of the United States Constitution. *Phillip Morris v. Williams,* 127 S.Ct. 1057, 1059 (2007) (quoting *BMW of North America v. Gore,* 517 U.S. 559, 568, 116 S.Ct. 1589, 134 L. Ed. 2d 809).

### Thirty-Second Defense

Any claim for punitive damages, on its face and/or as applied in this case, is improper under the Due Process Clause of the Fourteenth Amendment because there are no standards provided by the State law for the imposition of punitive damages. "[I]t is constitutionally important for a court to provide assurance that a jury is asking the right question." *Phillip Morris v. Williams,* 127 S.Ct. 1057, 1059 (2007).

### Thirty-Third Defense

Any claim for punitive damages, on its face and/or as applied in this case, is improper because the State lacks proper standards for the imposition of punitive damages. Thus, the punitive damage system in place in State creates an unnecessary risk of confusion and misunderstanding by the jury in awarding such damages. Pursuant to the Due Process Clause of the United States Constitution, this Court must protect Defendant. "Where the misunderstanding is a significant one…a court, upon request, must protect against that risk." *Phillip Morris v.*

*Williams,* 127 S.Ct. 1057, 1065 (2007).   [F]ederal constitutional law obligates [courts] to provide *some* form of protection [to defendants] in appropriate cases." *Id.* (emphasis in original).

                Respectfully submitted,

                s/ Angela R. Rogers
                Charles A. Stewart III (ASB-4955-a56c)
                Angela R. Rogers (ASB-0853-e60r)
                **Bradley Arant Rose & White LLP**
                The Alabama Center for Commerce
                401 Adams Avenue, Suite 780
                Montgomery, AL 36104
                Telephone: (334) 956-7700
                Facsimile: (334) 956-7701

                **Attorneys for Takata Corporation**

CERTIFICATE OF SERVICE

        I hereby certify that on July 19, 2007, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

**Joel Lee DiLorenzo**
Jackson and Tucker, PC
Black Diamond Building
2229 First Avenue North
Birmingham, AL 35203
Email: joel@ksjpc.com

**Joseph Luther Tucker**
Jackson and Tucker, P.C.
2229 1st Avenue North
Birmingham, AL 35203
Email: josh@jacksonandtucker.com

**Kenneth S Jackson**
Jackson and Tucker, P.C.

Black Diamond Building
2229 1st Avenue North
Birmingham, AL 35203
Email:
steve@jacksonandtucker.com

**Walter B. Calton**
Calton & Rutland LLC
PO Box 696
Eufaula, AL 36027-0696
Email: wcalton@bellsouth.net

**Robert C Khayat, Jr.**
King & Spalding LLP
1180 Peachtree St, NE
Atlanta, AL 30309
Email: rkhayat@kslaw.com

and I hereby certify that I have mailed by United States Postal Service the document to the following non-CM/ECF participants:

    None.

    s/ Angela R. Rogers
    Angela R. Rogers (ASB-0853-e60r)
    Bradley Arant Rose & White LLP
    The Alabama Center for Commerce
    401 Adams Avenue, Suite 780
    Montgomery, AL 36104
    Telephone: (334) 956-7700
    Facsimile: (334) 956-7701
    E-mail: arogers@bradleyarant.com